CHRISTOPHER W. DECKER, CA Bar No. 229426
christopher.decker@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:   213.239.9800
Facsimile:    213.239.9045

Attorney for Defendants
VIA PRODUCTIONS, LLC and
DUFRESNE SPENCER GROUP, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSS PURSLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VIA PRODUCTIONS, LLC, a Tennessee Limited Liability Company doing business in California; DUFRESNE SPENCER GROUP, LLC, a Delaware Limited Liability Company doing business in California, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:16-cv-03745____<br><br>**DEFENDANTS VIA PRODUCTIONS, LLC'S AND DUFRESNE SPENCER GROUP, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§1332(A), 1441(A), AND 1446**<br><br>[Los Angeles Superior Court Case No. BC618404]<br><br>Filed concurrently with:<br>• Notice of Removal<br>• Civil Cover Sheet<br>• Certificate of Interested Parties and Disclosure Statement;<br>• Notice of Related Cases<br>• Request for Judicial Notice<br>• Decl. of John Haun;<br>• Decl. of Marva Steed; and<br>• Decl. of Christopher W. Decker |

DEFENDANTS VIA PRODUCTIONS, LLC'S AND DUFRESNE SPENCER GROUP, LLC'S NOTICE OF
REMOVAL OF CIVIL ACTION TO THE UNITED STATES

**TO THE CLERK OF THE COURT, PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendants VIA Productions, LLC and Dufresne Spencer Group, LLC (hereinafter, "Defendants"), through their undersigned counsel, hereby remove the above-captioned action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division. In support of this removal, Defendant states as follows:

1.     On or about April 26, 2016, Plaintiff commenced this action by filing a Complaint and Request for Jury Trial in the Superior Court of California, Los Angeles County, captioned *Joss Pursley, an individual vs. VIA Productions, LLC, A Tennessee Limited Liability Company doing business in California; Dufresne Spencer Group, LLC, a Delaware Limited Liability Company doing business in California, and Does 1 through 100, inclusive*, and bearing the docket number BC618404 (the "Complaint").  (A true and correct copy of the Complaint is attached as Exhibit "A" to this Notice of Removal ["Notice"].)

2.     The Complaint asserts claims for: (1) Discrimination on the basis of gender; Gov't Code §12940(a); (2) Discrimination on the basis of sexual orientation; Gov't Code §12940(a); (3) Discrimination  the basis of disability; Gov't Code §12940(a); (4) Failure to engage in the interactive process; Gov't Code §12940(n); (5) Failure to provide reasonable accommodation; Gov't Code §12940(m); (6) Failure to prevent discrimination §12940(k); (7) Violation of Labor code §98.6; (8) Violation of Labor Code §26; (9) Violation of Labor Code §1198.5; and (10) Violation of Cal. Bus. & Prof. Code §17200 et seq.

3.     On May 27, 2016, Defendants filed their Answer to the Complaint in Los Angeles County Superior Court.  (A true and correct copy of Defendants' Answer is attached as Exhibit "B" to this Notice.)

4.    As set out more fully below, this action is one over which this Court has original jurisdiction and is one that may be removed to this Court under 28 United States Code §§ 1332(a), 1441(a) and 1446, in that this dispute is between citizens of different states and the alleged amount in controversy is greater than $75,000, as set forth below.

## I.    SATISFACTION OF THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. §1446

5.    In accordance with 28 U.S.C. §1446(a), this Notice is filed in the District Court of the United States in which the action is pending.  The Superior Court of California, Los Angeles County is located within the Western Division of the Central District of California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(c)(1) because it is the "district and division embracing the place where such action is pending."  28 U.S.C. §1441(a).

6.    In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

7.    In accordance with 28 U.S.C. §1446(b), Defendant's Notice of Removal was filed within 30 days after the initial service of the Complaint on Defendant, as service was completed on April 27, 2016.

8.    In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California in Los Angeles County and with the Clerk of the Central District of California.  True and correct copies of the Notice to the Plaintiffs and the state court shall be filed promptly.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332 AND §1441

9.    As set forth below, Plaintiffs' claims as alleged in the Complaint are removable under 28 U.S.C. §1332(a) (diversity of citizenship).

- 2 -                    Case No. 2:16-cv-03745

**A.    Diversity of Citizenship Requirement is Established**

10.    For diversity purposes, an individual is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is the place he resides with the intention to remain or to which he intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

11.    The Plaintiff was at relevant all times, a resident of the State of California, County of Los Angeles, and indicated so in Plaintiff's Complaint, paragraph 1.  Accordingly, Plaintiff is a citizen of the State of California for purposes of this removal.

12.    Pursuant to 28 United States Code § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *The Hertz Corporation v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010).  The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1192.  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

13.    Defendant VIA Productions, LLC was at the time of the filing of this action, and still is, a Tennessee Limited Liability Company formed under the laws of the State of Tennessee.  (*See* Haun Decl. ¶ 3.)  Further, its principal place of business and the location that its officers direct, control, and coordinate its corporate activities is Memphis, Tennessee.  (*See id.* at ¶ 3-4.)  Therefore, at all material times, Defendant has been a citizen of the State of Tennessee, and not of the State of

DEFENDANTS VIA PRODUCTIONS, LLC'S AND DUFRESNE SPENCER GROUP, LLC'S NOTICE OF
REMOVAL OF CIVIL ACTION TO THE UNITED STATES

California, as it neither was nor is incorporated in California nor does it maintain its principal place of business in California.

14. Defendant Dufresne Spencer Group, LLC was at the time of the filing of this action, and still is, a Delaware Limited Liability Company formed under the laws of the State of Delaware. (*See* Steed Decl. ¶ 3.) Further, its principal place of business and the location that its officers direct, control, and coordinate its corporate activities is Memphis, Tennessee. (*See id.* at ¶ 3-4.) Therefore, at all material times, Defendant has been a citizen of the State of Delaware and the State of Tennessee, and not of the State of California, as it neither was nor is incorporated in California nor does it maintain its principal place of business in California.

15. There are no other named Defendants in this action. Accordingly, there is no requirement for anyone else to join in this removal. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal based on diversity jurisdiction. 28 U.S.C. §1441(a).

16. Because Defendants are citizens of the State of Delaware and the State of Tennessee, and Plaintiff is a citizen of the State of California, complete diversity exists pursuant to 28 U.S.C. §§1332(a).

### B. The Amount-in-Controversy Requirement is Satisfied

Based on the allegations of the Complaint, the amount in controversy for Plaintiff far exceeds the sum or value of $75,000, excluding interest and costs. The Complaint does not allege a specific damage amount. Nevertheless, removal is proper because, based on the allegations of the Complaint, it is more likely than not that the damages sought in connection to the claims of each one of the Plaintiffs exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 400-404 (9th Cir. 1996)(removing defendant meets this burden if it establishes that it is "more likely than not" that the amount in controversy exceeds $75,000); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In determining whether the

- 4 -                                  Case No.2:16-cv-03745

jurisdictional minimum is met, the Court must consider all recoverable damages, including damages for emotional distress, punitive damages, and attorney's fees. *See Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp*, 261, F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). Further, while a court may not consider speculative facts baldly reciting damages in excess of the jurisdictional minimum, the Court may properly rely on the facts presented in the complaint, notice of removal, and any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F. 3d 1089, 1090-91 (9th Cir. 2003); 28 U.S.C. § 1332(a); *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566-67 (9th Cir. 1992).

17. In the Complaint, Plaintiff seeks compensatory and/or general damages, punitive damages, award of interest, including prejudgment interest at the legal rate, attorneys' fees and costs, civil penalties, injunctive relief, restitution of unpaid California taxes, unemployment and workers' compensation benefits, restitution of unpaid sick leave, and all other relief that the Court deems just and proper. (*See* Compl. Prayer for Relief at 17-18.)

18. Based on a conservative good-faith estimate of the value of the claims in this action, if Plaintiff prevails on each of her causes of action and recovers the damages that she seeks for each claim, it is "more likely than not" that Plaintiff will recover more than $75,000 for unpaid lost wages and related employment benefits, punitive damages, attorneys' fees and restitution.[1] *See Sanchez*, 102 F.3d at 403-404. Specifically, Defendant estimates the amount of unmitigated lost wages and

---

[1] By estimating the amounts Plaintiff may recover if she prevails, Defendants do not concede that Plaintiff will prevail on any of her claims or that, if she prevails, she is entitled to damages in any particular amount or at all. Defendants reserve the full right to dispute Plaintiff's claims with respect to both liability and damages.

DEFENDANTS VIA PRODUCTIONS, LLC'S AND DUFRESNE SPENCER GROUP, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES

benefits due to the alleged wrongful termination of Plaintiff as follows:

19.    Plaintiff Pursley alleges that she was terminated on or about January 17, 2016.  (Compl. ¶ 44-45.)  At the time of her termination, she was earning an hourly wage of $38.00 and working approximately 25 hours per week.  (Haun Decl. ¶ 5.)  Based on these allegations, Plaintiff weekly earnings at termination were $950.00, calculated as follows:

- 25 hours per week at $38.00 per hour equals $950.00.

20.    More than 18 weeks have passed since this alleged termination.  Therefore, Plaintiff's lost wages to date would be at least $17,100 ($950.00 weekly salary x 18 weeks).  By the time this case is resolved at trial, likely no earlier than May 2017 (a year from the date the lawsuit was filed), Plaintiff's back pay damages will be at least $72,200 ($950.00 * 76 weeks).

21.    To the above noted amount of lost wages for Plaintiff, one must add as to the Plaintiff, her lost future earnings (including prospects for advancement to higher-paying positions and the value of employee benefits which Defendants provided to Plaintiff and which she would have been entitled to received, had she remained employed).

22.    Several courts have found that the jurisdictional minimum is satisfied in employment lawsuits with even lesser known damages at the time of removal.  In *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, (N.D. Cal. 2002), the court found that the employer had met its burden to establish the amount in controversy by the preponderance of the evidence where the plaintiff's wage loss from termination until the time of removal was $25,600 and the plaintiff sought unspecific amounts in attorney's fees, punitive damages and emotional distress damages.  *Id.* at 1031.  Similarly, in *White v. FCI USA, Inc.*, 319 F.3d 672 (5th Cir. 2003) the court  found that at least $75,000 was in controversy, even though plaintiff had only allegedly suffered $13,000 in damages from lost income at the time of removal, because the

plaintiff alleged a "lengthy list of compensatory and punitive damages"—including loss of pay, impaired earning capacity, and emotional distress—combined with a claim for attorneys' fees and punitive damages. *Id.* at 675-76. Finally, in *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F. 3d 373 (9th Cir.), the court found that the the former $50,000 jurisdictional minimum was met where the plaintiff sought approximately $30,000 in tort damages as well as punitive damages.  *Id.* at 377.

23.    Plaintiff specified in the Complaint that she suffered emotional distress, the damages of which are properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). Similarly, Plaintiff has requested and could obtain an award of punitive damages, which are therefore also included in calculating the amount placed in controversy.  *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240-41 (1943); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in controversy in meeting the prerequisite for diversity jurisdiction).

24.    While the precise amount of emotional distress and punitive damages cannot be known with certainty at this juncture, the Court can and should look to jury awards in similar litigation to estimate how much these could add to the amount in controversy here.  *See Simmons,* 209 F. Supp. 2d at 1033-35 (court relied on jury decisions in on employment-related matters even though they were factually distinct and despite recognizing that plaintiff was unlikely to recover punitive damages in the same amount).  A sampling of recent verdicts from state courts and federal courts in California in cases alleging wrongful termination and invasion of privacy demonstrates that awards for these claims can range from $55,000 to in excess of

Case No.  2:16-cv-03745

DEFENDANTS VIA PRODUCTIONS, LLC'S AND DUFRESNE SPENCER GROUP, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES

$500,000.[2]  (See Request for Judicial Notice; Declaration of Christopher W. Decker ¶2.)  Indeed, as *Simmons* noted, "emotional distress damages in a successful employment discrimination case may be substantial." *Id.* at 1034.

25.    Moreover, Plaintiff will be entitled to recover attorney's fees if she prevails, and thus the amount of those fees is properly considered when determining whether the amount in controversy meets the jurisdictional threshold.  *Galt G/S v. JSS Scandinavia*, 142 F.3d at 1155-56 (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).   As noted in *Simmons,* attorneys' fees in employment cases often exceed the damages awarded.  209 F. Supp. 2d at 1034-35 (relying on the court's twenty-plus years' experience adjudicating employment cases)

26.    Given that Plaintiff seeks all of the above items of damages, it is apparent that, if Plaintiff is successful on all claims she has asserted, the potential recovery for Plaintiff easily exceeds the jurisdictional minimum of $75,000.  Accordingly, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction.  *See Sanchez*, 102 F.3d at 403-404.

27.    Based on the foregoing, this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).  Plaintiff and Defendants are not citizens of the same state.  In addition, the claims of Plaintiff place more than $75,000 in controversy.  Thus, removal to federal court is proper.

28.    In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that Defendant may have the opportunity to more fully brief the basis for this removal.

---

[2] Pursuant to Federal Rules of Evidence 201, Defendant requests that the Court take judicial notice of the jury verdicts attached as exhibits to the Declaration of Christopher W. Decker In Support of Defendant's Notice of Removal.

DEFENDANTS VIA PRODUCTIONS, LLC'S AND DUFRESNE SPENCER GROUP, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES

WHEREFORE, Defendants VIA Productions, LLC and Dufresne Spencer Group, LLC remove the above-action to this Court.

DATED:  May 27, 2016

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /S/ Christopher W. Decker
Christopher W. Decker

Attorney for Defendants
VIA PRODUCTIONS, LLC and
DUFRESNE SPENCER GROUP, LLC

- 9 -

Case No. 2:16-cv-03745