4/27/16 9:37 AM

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** VIA Productions, LLC, a Tennessee
**(AVISO AL DEMANDADO):** Limited Liability Company doing business in
California;

DUFRESNE SPENCER GROUP, LLC, a Delaware Limited Liability
Company doing business in California, and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** Josi Pursley, an individual

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 26 2016

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: 111 N Hill St, <br> *(El nombre y dirección de la corte es):* Los Angeles, CA 90012 <br> - Stanley Mosk Courthouse | **CASE NUMBER:** <br> *(Número del Caso):* <br> BC 618404 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Annette Morasch, Law Office of Annette Morasch
5801 Raintree Cir. Culver City, CA 90230   (323)791-6276

| | | | |
|---|---|---|---|
| **DATE:** APR 26 2016 <br> *(Fecha)* | **SHERRI R. CARTER** | Clerk, by <br> *(Secretario)* M. Soto | , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* VIA PRODUCTIONS, LLC
    under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1 <br> Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |

**Exhibit A**

10

ANNETTE MORASCH (SBN 263797)
Law Office of Annette Morasch
5301 Raintree Circle
Culver City, CA 90230
Phone: (323) 791-6276
Fax: (323) 617-5523
annette@amoraschlaw.com

Attorney for Plaintiff,
JOSS PURSLEY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 2 6 2016

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES BC 6 1 8 4 0 4

JOSS PURSLEY, an individual,

    Plaintiff,

    vs.

VIA PRODUCTIONS, LLC, a Tennessee
Limited Liability Company doing business
in California;
DUFRESNE SPENCER GROUP, LLC, a
Delaware Limited Liability Company
doing business in California, and
DOES 1 through 100, inclusive,

    Defendants.

CASE NO.

COMPLAINT AND DEMAND FOR JURY
TRIAL

1. Discrimination on the basis of gender
   Gov't Code §12940(a)

2. Discrimination on the basis of sexual
   orientation; Gov't Code §12940(a)

3. Discrimination on the basis of disability;
   Gov't Code §12940(a)

4. Failure to engage in the interactive
   process Gov't Code § 12940(n)

5. Failure to provide reasonable
   accommodation; Gov't Code §12940(m)

6. Failure to prevent discrimination
   §12940(k)

7. Violation of Labor Code §98.6

8. Violation of Labor Code §226

9. Violation of Labor Code §1198.5

10. Violation of Cal. Bus. & Prof. Code
    §17200 et seq.

    Plaintiff, JOSS PURSLEY ("Plaintiff") as an individual by and through her undersigned

attorney and for this complaint against Defendant VIA PRODUCTIONS, LLC, a Tennessee

1

COMPLAINT AND REQUEST FOR JURY TRIAL

Exhibit A
11

Limited Liability Company doing business in California; DUFRESNE SPENCER GROUP,

LLC, a Delaware Limited Liability Company doing business in California, and

DOES 1 through 100, inclusive, (collectively "Defendants"), alleges upon personal knowledge and

belief as to her own acts, and upon information and belief as to all other matters, as to which

allegations she believes substantial evidentiary support will exist after a reasonable opportunity

for further investigation and discovery as follows:

### THE PARTIES

1.      Plaintiff JOSS PURSLEY (f/k/a Joshua Pursley and hereinafter "Plaintiff") is an

individual residing in the county of Los Angeles, California. In February 2013, Defendants hired

Plaintiff as a Production Specialist. Defendants terminated Plaintiff's employment on January

17, 2016.

2.      Defendant VIA PRODUCTIONS, LLC is a Tennessee limited liability company

doing business in California, and in the County of Los Angeles. VIA PRODUCTIONS, LLC was

the joint-employer of Plaintiff.

3.      Defendant DUFRESNE SPENCER GROUP, LLC is a Delaware limited liability

company doing business in California, and in the County of Los Angeles. DUFRESNE

SPENCER GROUP, LLC was the joint-employer of Plaintiff.

4.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as

DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants

is responsible as hereinafter shown for the occurrences and injuries to Plaintiff as herein alleged.

5.      VIA PRODUCTIONS, DUFRESNE SPENCER GROUP and DOES 1-100 will be

referred to collectively as "Defendants."

6.      Defendants were, and are, "employers" as defined under Cal. Gov't Code §12940

et seq., and "employers" under Cal. Labor Code §201.3.

7.      Plaintiff is informed, believes, and alleges that, at all times mentioned herein,

2

Exhibit A

12

Defendants, and each of them, were the agents and/or joint employers of each of the other Defendants, and in doing the things alleged, were acting within the course and scope of such agency and with the permission and consent of their co-defendants.

## JURISDICTION AND VENUE

8.      The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

9.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts."

10.     This Court has jurisdiction over all Defendants because they conduct a significant amount of business within Los Angeles County, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

11.     Venue is proper under Code of Civil Procedure Section 395 in that Plaintiff's injuries occurred within this jurisdiction, and the actions that give rise to Plaintiff's complaint arose within this jurisdiction.

12.     The Plaintiff has requested a Right to Sue letter from the Department of Fair Employment and Housing, and has thus exhausted her administrative remedies.

## STATEMENT OF FACTS

13.     Defendants hired Plaintiff Joss Pursley in or around February 2013 as a Production Specialist. At the time of hire, Plaintiff went by the name of Joshua Pursley, and Pursley presented as a male. Plaintiff at the time lived in Tennessee. In or around September 2013, Plaintiff became a remote worker, and worked from her home.

14.     In or around March 2014, Plaintiff moved to Los Angeles County. Plaintiff continued working for Defendants, and worked out of her home.

15.     Throughout the duration of Plaintiff's employment, she worked competently and capably. Defendants acknowledged Plaintiff's stellar work through giving her praise, accolades,

3

**COMPLAINT AND REQUEST FOR JURY TRIAL**

Exhibit A

13

and several raises, including a raise shortly after she moved to Los Angeles, and a second raise of $5.00/hour shortly before her termination.

16.     Plaintiff has a disability as recognized under the Cal. Gov't Code § 12926(j). Plaintiff suffers from anxiety and depression, and seeks regular medical treatment for said disabilities. Plaintiff informed President of Defendant Via Productions, John Haun, ("Haun") that Plaintiff had mental disabilities. As such, for years Defendant allowed Plaintiff to work from her home where she completed all assignments and projects in a timely and competent manner.

17.     In the year 2015, Defendants hired several other employees within the County of Los Angeles. Among the new employees was Nathan Babian ("Babian").

18.     Babian began lobbying both Defendants and Plaintiff that Plaintiff needed to come into the new Los Angeles office to work, and that Plaintiff should not be allowed to work from home any longer.

19.     Haun spoke with Plaintiff several times, both over the phone and in person regarding Babian's comments.

20.     In June and July 2015, Plaintiff continued to remind Haun that Plaintiff had anxiety and depression, and did not think she was capable of working in an office environment due to her disabilities. Haun acknowledged that Plaintiff had anxiety and depression. Haun acknowledged that Plaintiff completed her work from home capably and competently. Haun gave Plaintiff his word that Defendants would never make Plaintiff report to the office, and that Plaintiff was far too productive to be removed from what Plaintiff was comfortable with doing.

21.     Babian continued to insist Plaintiff log "face time" at the office. Plaintiff's supervisor located in Tennessee, Chad Schaffler, (Executive Director of Via Productions) also started pestering and insisting Plaintiff go into the office to work. Plaintiff informed Schaffler and Babian she had a deal with Haun to work from home.

22.     On September 23, 2015, Haun visited Los Angeles and met with Plaintiff over dinner at a restaurant. Haun asked Plaintiff why she did not want to report to the office. Plaintiff reminded Haun of her anxiety and depression. Plaintiff told Haun the symptoms of these disabilities were getting worse and worse with Defendants' employees continually saying she

4

COMPLAINT AND REQUEST FOR JURY TRIAL

1   needed to come to the office to work. Plaintiff told Haun she went to therapy on a weekly basis

2   for the past year to manage the disabilities. Plaintiff told Haun she could not imagine a world

3   where she could work in Defendants' office. Haun asked why, and Haun suggested Plaintiff had

4   done something bad or maybe illegal

5       23.     Plaintiff broke down in tears and told Haun that she was transgender. Haun asked

6   what that meant, and asked if that meant wearing women's clothing. Plaintiff said she was in the

7   process of transitioning from male to female. Haun said words to the effect, "So what's the deal?

8   Go into the office and wear women's clothes." Plaintiff told Haun that it doesn't work that way.

9       24.     Haun asked Plaintiff if she was still attracted to women, or if she now was

10  attracted to men. Plaintiff explained she is attracted to women.

11      25.     Haun told Plaintiff that he had conflicting views about sin, religion and religion's

12  application in the Defendants' offices. Haun told Plaintiff he felt a burden as a Christian. That on

13  the one hand, he knew it was not his place to judge, and on the other hand, he knew it was

14  "wrong" to "be homosexual" or words to that effect. Haun said words to the effect, "But what

15  are we going to do in this day and age?"

16      26.     Christianity was ever-present in Defendants' work environment. As everyone

17  working for Defendants had known Plaintiff as a man named Joshua, Plaintiff was terrified about

18  how Defendants' employees would react if she came to the office as her true gender, a woman.

19  Haun asked if he could tell his wife about Plaintiff being transgender. Plaintiff said she was not

20  comfortable with Haun telling his wife.

21      27.     Shortly after the dinner with Haun, Plaintiff met with Babian and explained her

22  anxiety was off the charts and that she is not comfortable working at the office. Yet Babian and

23  Schaffler continued to ask Plaintiff why she did not want to come to the office, and kept

24  lobbying Plaintiff to come into the office.

25      28.     In November 2015, Plaintiff had a telephone call with Haun again. Plaintiff told

26  Haun that Plaintiff has started her hormone therapy and requested Haun do something about the

27  constant nagging to work in the Los Angeles office. Plaintiff reiterated her anxiety and fear over

28  going into the office.

**COMPLAINT AND REQUEST FOR JURY TRIAL**

Exhibit A
15

29.     Around this time, Haun told Plaintiff that Schaffler had been repeatedly asking Haun why Plaintiff was not working in the Los Angeles office. Schaffler asked Haun if Plaintiff was gay, or if Plaintiff's "feminine changes" had something to do with not wanting to go into the office.

30.     Babian and Schaffler continued to question Plaintiff about why she did not want to go into the office, so Plaintiff met with Schaffler when Schaffler flew into Los Angeles. Plaintiff told Schaffler she would like to continue to work from home as she has been doing for 2.5 years because she is suffering from severe anxiety, and the anxiety revolves around going into the office. Plaintiff told Schaffler she was working hard and seeking mental health care for her depression and anxiety. Schaffler verbally supported Plaintiff and let Plaintiff know that Defendants are all a big family, that Plaintiff is extremely talented and that Defendants would try to accommodate Plaintiff. Plaintiff did not at this time tell Schaffler she was transgender.

31.     On December 5, 2015, Defendants had an office Christmas party in Tennessee at the home of the Vice President. Every employee except one was in attendance. Each of these employees brought a significant other of the opposite gender. Whereas Plaintiff typically wore a beard, for the Christmas party Plaintiff had shaved off the beard, had longer hair, painted nails and wore earrings and make up. It became quickly apparent the employees were very uncomfortable with Plaintiff, and Plaintiff spent most of the Christmas party alone.

32.     On December 21, 2015 Schaffler called Plaintiff and informed Plaintiff that starting January 2016, Plaintiff was to report to Defendants' office in downtown Los Angeles. Plaintiff informed Schaffler that Plaintiff had an agreement with Haun to work at home, and that Plaintiff would call Haun to discuss the order to report to the office.

33.     That night, Haun called Plaintiff and informed Plaintiff that she must obey Schaffler and Babian's order to report to the office. Haun told Plaintiff if she chose *not* to report to the office, then she would not have her job anymore. Haun told Plaintiff to speak directly with Babian regarding going into the office.

34.     The next day, December 22, 2015, Babian emailed Plaintiff telling her she must report to the office. Babian then called Plaintiff. Plaintiff told Babian again that he needed to

understand her anxiety, and that she cannot be as good of a worker in the office. Plaintiff explained to Babian that there were many medical issues Plaintiff was going through. Babian said if Plaintiff does not report to the office then they will begin the process of interviewing candidates for Plaintiff's replacement as early as January 2016.

35.    The next day, December 23, 2015, Plaintiff called Haun again regarding working from home. Plaintiff broke down crying that it was not fair to terminate Plaintiff's employment, after everything Plaintiff had done for the Defendants. Plaintiff told Haun how bad of a position the Defendants are putting Plaintiff in emotionally and medically. Plaintiff told Haun the way Defendants were treating her was making her anxiety worse. Plaintiff told Haun that she had done nothing wrong, and that her job was being taken away for no reason.

36.    During the phone call with Haun, Plaintiff explained that firing her in the first few months of her transitioning would be the worst possible outcome because a) she needed to pay for her medical treatments and b) it is extremely terrifying to seek a job as a transgender person in the middle of transitioning. Haun stated words to the effect "This is just how it's going to be." Haun continued with words to the effect, "Maybe you should come out to [Schaffler] as transgender or at least discuss with him what's going on a bit more."

37.    That night, Plaintiff called Schaffler in an attempt to save her job. Plaintiff came out as transgender to Schaffler. Schaffler said he busy at a Christmas Party and that he would have to get back to Plaintiff later.

38.    Plaintiff was qualified and entitled to participate in Defendants' group medical insurance. Plaintiff sent her timely application for medical insurance to Defendants and Defendants refused to enroll her in their medical plan. On December 29, 2015, Plaintiff called Haun again to inquire what happened to Plaintiff's medical insurance. Haun told Plaintiff she would not be getting any insurance.

39.    On January 4, 2016, Plaintiff came down with an illness similar to a flu. That day, Plaintiff completed a three hour project but emailed that she felt ill. Plaintiff turned in her project and the project was acknowledged received. On January 5 and January 6, Plaintiff emailed in sick. On January 7, Plaintiff let Defendants know she was fine to work again.

COMPLAINT AND REQUEST FOR JURY TRIAL

40.    Defendants did not assign any further work to Plaintiff until January 12. On January 12 Plaintiff spoke to Schaffler and Plaintiff asked Schaffler if Defendants wanted Plaintiff to resign. Schaffler happily jumped at this suggestion and said he needed to talk with Haun, but in the meantime Plaintiff should help another co-worker with a project.

41.    Plaintiff helped her co-worker on the assigned project, and completed all tasks the next day, January 13, 2016.

42.    On January 15, Schaffler called Plaintiff extremely angry. Schaffler yelled at Plaintiff and accused Plaintiff of refusing to work on a project. Schaffler refused to allow Plaintiff an opportunity to be heard.

43.    The same day, Haun called Plaintiff and asked why Schaffler was so mad. Plaintiff explained that Schaffler was mistaken, and that Plaintiff wanted to help. Plaintiff texted Schaffler and a co-worker stating that she would be happy to help. Schaffler texted back saying he was "uncomfortable" with Plaintiff helping, and to not do the project.

44.    On January 18, Haun called Plaintiff very early in the morning. Haun told Plaintiff that Defendants have chosen to terminate her employment immediately, and that there will be a severance payment to Plaintiff. Haun told Plaintiff that Schaffler does not want to work with Plaintiff any more, and that maybe Schaffler will change his mind in the future.

45.    That night, Plaintiff received a termination letter dated January 17, signed by Schaffler. This letter contained misstatements of fact. This letter stated one of the reasons Plaintiff was terminated was due to Plaintiff's "decision not to work with the west coast team out of our Los Angeles area office." The letter also stated, "the recent incidents of your refusal to execute projects during the weekend of 1/3/16" was one of the ostensible reasons Defendants terminated Plaintiff's employment. This letter stated Defendants would send Plaintiff a severance payment for one week of work for every year employed by Defendants.

46.    Defendants never engaged in a timely, good faith interactive process to determine whether Defendants could continue to accommodate Plaintiff and allow her to continue to work from home as she had done for more than two years. Upon information and belief, Defendants did not conduct any analysis to determine if Plaintiff's accommodation request was reasonable.

Exhibit A
18

Defendant also did not do any analysis on whether allowing Plaintiff to continue to work from home would cause nor Defendants an undue hardship. Defendants did not provide any alternate suggestions to accommodate Plaintiff's disabilities.

47.    Defendants never paid Plaintiff one week of work for every year employed.

48.    Defendants never informed Plaintiff she was entitled to sick leave under Cal. Labor Code §233 et seq. Defendants' last paycheck to Plaintiff did not include sick pay.

49.    For the entire duration of Plaintiff's employment, Defendants did not pay California workers' compensation or California taxes. Haun knew and knows this, and Haun told Plaintiff it "would be easier" (or words to that effect) if Defendants just paid Tennessee taxes instead. The California Employment Development Department informed Plaintiff that Defendants have never contributed to the unemployment fund for Plaintiff, and therefore Plaintiff was not eligible for California unemployment benefits.

50.    On January 22, 2016, Plaintiff emailed Haun requesting her personnel file and payroll records. Defendants never provided Plaintiff with her personnel file or payroll records.

51.    The next day, on January 23, 2016, Haun called Plaintiff, but Plaintiff did not answer her phone. Haun then sent Plaintiff a text message: "Left you a message from my office phone. Call me when you can." Plaintiff did not return the phone call or text.

## FIRST CAUSE OF ACTION

## DISCRIMINATION ON THE BASIS OF GENDER

### Violation of Cal. Gov't Code §12940(a)

### As against all Defendants

52.    Plaintiff repeats and incorporates all paragraphs as set out above.

53.    At all times relevant herein, Cal. Gov't Code §12940(a) has made it unlawful to discriminate against, or discharge employees on the basis of the employee's sex, gender, gender identity and/or gender expression.

54.    Plaintiff is informed and believes that Defendants discriminated against her on the basis of her sex, gender identity and/or her gender expression.

55.    As a direct and proximate result of the acts of Defendants, Plaintiff has suffered

9

**COMPLAINT AND REQUEST FOR JURY TRIAL**

Exhibit A

19

damages in an amount according to proof, including but not limited to, loss of earnings, loss of health benefits and emotional distress in excess of the minimum jurisdictional amount.

56.  Plaintiff is entitled to recover these damages in additional to attorneys' fees and costs pursuant to the provisions of Gov't Code §12940 et seq.

57.  The conduct of Defendants and its officers, directors and employees, constitutes a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages. Plaintiff further alleges that the acts giving rise to punitive damages, were made (or ratified) at the highest echelons of Defendants' company hierarchies—namely John Haun and Chad Schaffler.

## SECOND CAUSE OF ACTION

## DISCRIMINATION ON THE BASIS OF SEXUAL ORIENTATION

### Violation of Cal. Gov't Code §12940(a)

### As against all Defendants

58.  Plaintiff repeats and incorporates all paragraphs as set out above.

59.  At all times relevant herein, Cal. Gov't Code §12940(a) has made it unlawful to discriminate against, or discharge employees on the basis of the employee's sexual orientation.

60.  Plaintiff is informed and believes that Defendants discriminated against her on the basis of her sexual orientation as a lesbian.

61.  As a direct and proximate result of the acts of Defendants, Plaintiff has suffered damages in an amount according to proof, including but not limited to, loss of earnings, loss of health benefits and emotional distress in excess of the minimum jurisdictional amount.

62.  Plaintiff is entitled to recover these damages in additional to attorneys' fees and costs pursuant to the provisions of Gov't Code §12940 et seq.

63.  The conduct of Defendants and its officers, directors and employees, constitutes a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages. Plaintiff further alleges that the acts giving rise to punitive damages, were made (or ratified) at the highest echelons of Defendants' company hierarchies—namely John Haun and Chad Schaffler.

Exhibit A
20

### THIRD CAUSE OF ACTION

### DISCRIMINATION ON THE BASIS OF DISABILITY

### Violation of Cal. Gov't Code §12940(a)

### As against all Defendants

64.     Plaintiff repeats and incorporates all paragraphs as set out above.

65.     At all times relevant herein, Cal. Gov't Code §12940(a) has made it unlawful to discriminate against, or discharge employees on the basis of the employee's mental disability.

66.     Plaintiff is informed and believes that Defendants discriminated against her on the basis of her mental disability-namely her anxiety and depression.

67.     As a direct and proximate result of the acts of Defendants, Plaintiff has suffered damages in an amount according to proof, including but not limited to, loss of earnings, loss of health benefits and emotional distress in excess of the minimum jurisdictional amount.

68.     Plaintiff is entitled to recover these damages in additional to attorneys' fees and costs pursuant to the provisions of Gov't Code §12940 et seq.

69.     The conduct of Defendants and its officers, directors and employees, constitutes a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages. Plaintiff further alleges that the acts giving rise to punitive damages, were made (or ratified) at the highest echelons of Defendants' company hierarchies—namely John Haun and Chad Schaffler.

### FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

### Violation of Cal. Gov't Code §12940(n)

### As against all Defendants

70.     Plaintiff repeats and incorporates all paragraphs as set out above.

71.     At all times relevant herein, Cal. Gov't Code §12940(n) has made it unlawful for an employer to "fail to engage in a timely, good faith, interactive process with the employee" to "determine effective reasonable accommodations, if any, in response to a request for reasonable

11

Exhibit A
21

accommodation by an employee…with a known physical or mental disability or known medical condition."

72. Plaintiff alleges she told Defendants that Plaintiff suffered from anxiety and depression. Defendants' executive-level employees acknowledged knowing about Plaintiff's disabilities. Nonetheless, once Defendants learned of Plaintiff's sexual orientation and gender identity, Defendants refused to engage in a timely, good faith interactive process with Plaintiff concerning her request to continue to work at home. Defendants did not offer any alternatives to working from home, other than to come into the office or get fired.

73. Upon information and belief, Defendants did no analysis whether or not allowing Plaintiff to continue to work from home would cause Defendants an *undue* burden.

74. Upon information and belief, Defendants allowed other employees to work remotely. For instance, around the same time Defendants were refusing to accommodate Plaintiff's reasonable accommodation request to work from home, Defendants: allowed an employee who just had a baby to work remotely; allowed an employee to work remotely because her children were off of school for the summer; allowed a woman to work from her home in Kansas; allowed an employee to work from home to take care of his ill mother; allowed a man to work from home on the same jobs Plaintiff worked on; allowed an employee to work remotely because he was taking college courses.

75. As a direct and proximate result of the acts of Defendants, Plaintiff has suffered damages in an amount according to proof, including but not limited to, loss of earnings, loss of health benefits and emotional distress in excess of the minimum jurisdictional amount.

76. Plaintiff is entitled to recover these damages in additional to attorneys' fees and costs pursuant to the provisions of Gov't Code §12940 et seq.

77. The conduct of Defendants and its officers, directors and employees, constitutes a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages. Plaintiff further alleges that the acts giving rise to punitive damages, were made (or ratified) at the highest echelons of Defendants' company hierarchies—namely John Haun and Chad Schaffler.

COMPLAINT AND REQUEST FOR JURY TRIAL

Exhibit A
22

### FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATION

#### Violation of Cal. Gov't Code §12940(m)

#### As against all Defendants

78. Plaintiff repeats and incorporates all paragraphs as set out above.

79. At all times relevant herein, Cal. Gov't Code §12940(m) has made it unlawful for an employer to "fail to make reasonable accommodation for the known...mental disability of an...employee..." unless it would cause the employer an "undue hardship."

80. Upon information and belief, Defendants did no analysis whether or not allowing Plaintiff to continue to work from home would cause Defendants an *undue* burden.

81. Defendants did not provide Plaintiff with *any* accommodations for her disabilities, let alone the reasonable accommodation Plaintiff requested—to continue to work remotely.

82. Upon information and belief, Defendants allowed other employees to work remotely. For instance, around the same time Defendants were refusing to accommodate Plaintiff's reasonable accommodation request to work from home, Defendants: allowed an employee who just had a baby to work remotely; allowed an employee to work remotely because her children were off of school for the summer; allowed a woman to work from her home in Kansas; allowed an employee to work from home to take care of his ill mother; allowed a man to work from home on the same jobs Plaintiff worked on; allowed an employee to work remotely because he was taking college courses. This, Plaintiff asserts, shows that the accommodation request for Plaintiff to work from home, was reasonable and would not cause an *undue* burden on Defendants.

83. As a direct and proximate result of the acts of Defendants, Plaintiff has suffered damages in an amount according to proof, including but not limited to, loss of earnings, loss of health benefits and emotional distress in excess of the minimum jurisdictional amount.

84. Plaintiff is entitled to recover these damages in additional to attorneys' fees and costs pursuant to the provisions of Gov't Code §12940 et seq.

Exhibit A

23

85.     The conduct of Defendants and its officers, directors and employees, constitutes a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages. Plaintiff further alleges that the acts giving rise to punitive damages, were made (or ratified) at the highest echelons of Defendants' company hierarchies—namely John Haun and Chad Schaffler.

## SIXTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION

### Violation of Cal. Gov't Code §12940(k)

### As against all Defendants

86.     Plaintiff repeats and incorporates all paragraphs as set out above.

87.     At all times relevant herein, Cal. Gov't Code §12940(k) has required employers to take "all reasonable steps necessary to prevent discrimination and harassment from occurring."

88.     Upon information and belief, Defendants did nothing to ensure its employees and officers did not discriminate against Plaintiff on the basis of her gender and disability. Upon information and belief, Defendants never trained any of its employees or officers in discrimination laws.

89.     As a direct and proximate result, Plaintiff is entitled to an amount according to proof, including but not limited to, loss of earnings, loss of health benefits and emotional distress in excess of the minimum jurisdictional amount.

90.     Plaintiff is entitled to recover these damages in additional to attorneys' fees and costs pursuant to the provisions of Gov't Code §12940 et seq.

## SEVENTH CAUSE OF ACTION

### Discrimination Based on Engaging in Protected Activity

### In Violation of Cal. Labor Code § 98.6

### As Against All Defendants

91.     Plaintiff repeats and incorporates all paragraphs as set out above.

92.     At all times herein relevant, Labor Code §98.6 has provided that no person shall discriminate against any employee because the employee engaged in any conduct protected by the

14

**COMPLAINT AND REQUEST FOR JURY TRIAL**

Labor Code.

93.     At all times herein relevant, the Labor Code §233 has required an employer to provide at least 24 hours or three days of paid sick leave per year. Labor Code §233 provides that the full amount of sick leave for the year to be available immediately at the beginning of a year-long period. §233 states "An employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness…"

94.     Plaintiff was very ill on January 2 and 3, 2016. Plaintiff notified Defendants she was sick and did not work for two days.

95.     In Defendants' termination letter to Plaintiff, Defendants stated "the recent incidents of your refusal to execute projects during the weekend of 1/3/16" was one of the ostensible reasons Defendants terminated Plaintiff's employment.

96.     Pursuant to Labor Code §98.6, Plaintiff is entitled to lost wages and lost benefits from Defendants' termination and constructive termination of Plaintiff, as well as attorney's fees and costs of suit.

## EIGHTH CAUSE OF ACTION

### Failure to Provide Personnel File and Payroll Records

### Violation of Cal. Labor Code § 226

### As Against All Defendants

97.     Under Cal. Labor Code §226 an employer must afford an employee or former employee the right to inspect or copy records pertaining to the employee's employment upon reasonable request to the employer.

98.     On January 22, 2016, Plaintiff emailed Haun requesting her personnel file and payroll records. Defendants never provided Plaintiff with her personnel file or payroll records.

99.     Plaintiff is entitled to injunctive relief to cause Defendants to provide her personnel records and payroll records, civil penalties, attorney's fees and costs.

Exhibit A
25

### NINTH CAUSE OF ACTION

#### Failure to Provide Personnel File and Payroll Records

#### Violation of Cal. Labor Code § 1198.5

#### As Against All Defendants

100.   Under Cal. Labor Code §1198.5 an employer must afford an employee or former employee the right to inspect or copy records pertaining to the employee's employment upon reasonable request to the employer.

101.   On January 22, 2016, Plaintiff emailed Haun requesting her personnel file and payroll records. Defendants never provided Plaintiff with her personnel file or payroll records.

Plaintiff is entitled to injunctive relief to cause Defendants to provide her personnel records and payroll records, civil penalties, attorney's fees and costs.

### TENTH CAUSE OF ACTION

#### Violation of Business and Prof. Code §17200 et seq.

#### As Against All Defendants

102.   Plaintiff on behalf of herself and all other employees of Defendants working in the state of California, alleges and reincorporates by reference the allegations in the preceding paragraphs.

103.   Cal. Bus. & Prof. Code §17200 prohibits unfair competition by prohibiting any unlawful or unfair business acts or practices. Defendants engaged, and continue to engage upon information and belief, unfair and unlawful acts including but not limited to: failure to pay California employment taxes, failure to pay California workers' compensation on behalf of California employees, failure to pay into the California unemployment system, failure to provide three days of paid sick leave to California employees.

104.   Pursuant to Cal. Bus. & Prof. Code §17200 et seq., Plaintiff and all other employees of Defendants working in California are entitled to: restitution of unpaid unemployment and/or workers compensation benefits at a rate mandated by the State of California; Defendants' retroactive contribution to the California Franchise Tax Board on behalf of Defendants' California employees; restitution for used and unpaid sick leave, up to three days;

16

COMPLAINT AND REQUEST FOR JURY TRIAL

Exhibit A

26

105.    Plaintiff is entitled to a permanent injunction requiring Defendants to provide the remedies in the preceding paragraph. Plaintiff is entitled to attorneys' fees and costs pursuant to Code of Civil Pro. § 1021.5, and other applicable laws.

## REQUEST FOR RELIEF

**PLAINTIFF REQUESTS RELIEF AS FOLLOWS:**

**A. For the First through Sixth Causes of action:**

    i.        Compensatory and/or general damages according to proof;

    ii.       Award of interest, including prejudgment interest at the legal rate;

    iii.     Punitive damages according to proof;

    iv.     Attorneys' fees and costs;

    v.      All other relief as the court deems proper.

**B. For the Seventh Cause of Action:**

    i.        Compensatory and/or general damages according to proof;

    ii.       Award of interest, including prejudgment interest at the legal rate;

    iii.     Attorneys' fees and costs;

    iv.     All other relief as the court deems proper.

**C. For the Eighth and Ninth Cause of Action:**

    i.        Compensatory and/or general damages according to proof;

    ii.       Award of interest, including prejudgment interest at the legal rate;

    iii.     Civil penalties under the Labor Code;

    iv.     Injunctive relief to order Defendants to provide Plaintiff with copies of her accurate, itemized wage statements and payroll records;

    v.      Injunctive relief to order Defendants to provide Plaintiff with copies of her personnel file and/or any other documents concerning Plaintiff's employment;

    vi.     Attorneys' fees and costs;

    vii.    All other relief as the court deems proper.

17

**COMPLAINT AND REQUEST FOR JURY TRIAL**

Exhibit A
27

**D. For the Tenth Cause of Action:**

i. Compensatory and/or general damages according to proof;

ii. Award of interest, including prejudgment interest at the legal rate;

iii. Restitution of unpaid California taxes, unemployment and workers' compensation benefits;

iv. Restitution of unpaid sick leave;

v. An injunction affirmatively requiring Defendants to pay, both retroactively and prospectively, California contributions and taxes on behalf of their California employees;

vi. For an accounting, under administration of Plaintiff and subject to Court review;

vii. For disgorgement of ill-gotten profits;

viii. Attorneys' fees and costs;

ix. All other relief as the court deems proper.

Dated: April 25, 2016                          LAW OFFICE OF ANNETTE MORASCH

                                               By: _____
                                                    ANNETTE MORASCH
                                                    Attorney for Plaintiff,
                                                    JOSS PURSLEY

Exhibit A
28

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.

Dated: April 25, 2016          LAW OFFICE OF ANNETTE MORASCH

By: 

ANNETTE MORASCH
Attorney for Plaintiff,
JOSS PURSLEY

19

Exhibit A
29

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

BC 6 1 8 4 0 4

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Suzanne G. Bruguera | 71 | 729 | |
| Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Emile H. Elias | 324 | CCW | |
| Hon. Frederick C. Shaller | 46 | 590 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW | |
| Hon. Debre K. Weintraub | 47 | 507 | | | | | |

*Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev.02/16)
LASC Approved 05-06

– NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

Page 1 of 2

Exhibit A
30

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

Exhibit A

31

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

Exhibit A
32

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                 FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

**STIPULATION – DISCOVERY RESOLUTION**

Exhibit A

33

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.    No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.    If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.    If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.    If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.    The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.    Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.    Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.    References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

Exhibit A
34

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

Exhibit A

35

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

Exhibit A

36

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                  (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

Exhibit A

37

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                              FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:
    - ☐ Request for Informal Discovery Conference
    - ☐ Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4.  **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Exhibit A
38

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):   FAX NO. (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

Exhibit A
39

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

Exhibit A

40