1  LAURA D. HECKATHORN, CA Bar No. 228861
   laura.heckathorn@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
3  400 South Hope Street, Suite 1200
   Los Angeles, CA 90071
4  Telephone: 213.239.9800
   Facsimile: 213.239.9045
5
6  *[Additional Counsel on Following Page]*

7  Attorneys for Defendants
   VIA Productions, LLC and Dufresne Spencer Group, LLC
8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11 | JOSS PURSLEY, an individual | Case No. 2:16-cv-03745 RGK(SKx) |

12            Plaintiff,          | **DEFENDANTS VIA PRODUCTIONS, LLC AND DUFRESNE SPENCER GROUP, LLC'S OPPOSITION TO PLAINTIFF JOSS PURSLEY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

13       v.

14 VIA PRODUCTIONS, LLC, a        | *[Filed concurrently with Defendants' Statement of Genuine Issues; Evidentiary Objections; Declaration of Laura D. Heckathorn; Declaration of John Haunt; and [Proposed] Order]*
   Tennessee Limited Liability Company;
15 DUFRESNE SPENCER GROUP, LLC,
   a Delaware Limited Liability Company,
16 and DOES 1 through 100, inclusive

17            Defendants.

18
   Date:        July 3, 2017
19 Time:        9:00 a.m.
   Location:    255 E. Temple Street
20              Los Angeles, CA 90012
   Courtroom:   850
21

22 Complaint Filed: April 26, 2016
   Removal Date:    May 26, 2016
23
   Trial Date:      September 5, 2017
24 District Judge:  Hon. R. Gary Klausner
   Magistrate Judge: Hon. Steve Kim
25

26

27

28

DEFENDANTS VIA PRODUCTIONS, LLC AND DUFRESNE SPENCER GROUP, LLC' OPPOSITION TO
PLAINTIFF JOSS PURSLEY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1    W. CHRIS HARRISON (*pro hac vice*)
     chris.harrison@ogletreedeakins.com
2    Zachary W. Hoyt (*pro hac vice*)
     zachary.hoyt@ogletreedeakins.com
3    OGLETREE, DEAKINS, NASH,
     SMOAK & STEWART, P.C.
4    International Place Tower II
     6410 Poplar Avenue, Suite 300
5    Memphis, TN  38119
     Telephone:  901.767.6160
6    Facsimile:   901.767.7411

7    *[Additional Counsel for Defendants*
     *VIA Productions, LLC and*
8    *Dufresne Spencer Group, LLC*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page(s)**

I.     INTRODUCTION ...................................................................... 1

II.    STATEMENT OF FACTS ........................................................ 2

III.   LEGAL ARGUMENT............................................................... 6

    A.    Plaintiff Must Exhaust Her Administrative Remedies
         Before Suing For Violations Of The Fair Employment
         And Housing Act ("FEHA") – Failure to Do So Is Fatal
         To Her FEHA Claims.................................................................. 6

    B.    Plaintiff is Not Entitled to Summary Judgment  on Her
         Claim For Failure To Accommodate . ........................................ 7

         1.    Plaintiff is not limited in her ability to work in an
              office. .................................................................................. 8

         2.    Plaintiff is not a "qualified" individual with a
              disability............................................................................. 8

         3.    VIA accommodated Plaintiff by offering her a
              private office, flexible hours, and a restructured
              position............................................................................. 10

         4.    Defendant's refusal to create Plaintiff's preferred
              position does not amount to a failure to
              accommodate her disability. ............................................. 10

    C.    Plaintiff is not Entitled to Summary Judgment on Her
         Claim for Failure to Engage in the Interactive Process................ 11

    D.    Plaintiff's Claim For Alleged Violations Of California
         Labor Code § 98.6 Fails For Multiple, Independent
         Reasons.................................................................................... 15

    E.    Plaintiff's Twelfth Cause of Action for Violation of Labor
         Code § 226(a) is Time Barred. ................................................. 17

    F.    The Undisputed Facts Confirm There are No Unfair
         Business Practices. .................................................................. 18

i          Case No. 2:16-cv-03745 RGK(SKx)

DEFENDANTS VIA PRODUCTIONS, LLC AND DUFRESNE SPENCER GROUP, LLC' OPPOSITION TO
PLAINTIFF JOSS PURSLEY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1.   If Plaintiff has been denied unemployment compensation benefits, her dispute lies with the State of California, not with Defendants. .........................19

G.   Plaintiff is not Entitled to Summary Judgment on Defendants' Affirmative Defense that Plaintiff is Not Disabled. .......................................................................20

IV.   CONCLUSION...............................................................20

DEFENDANTS VIA PRODUCTIONS, LLC AND DUFRESNE SPENCER GROUP, LLC' OPPOSITION TO
PLAINTIFF JOSS PURSLEY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Allen v. Pacific Bell,*
    348 F.3d 1113 (9th Cir. 2003) ................................................................. 12

*Barnett v. U.S. Air,*
    228 F.3d 1105 (9th Cir. 2000) ................................................................. 11

*Creighton v. City of Livingston,*
    628 F. Supp. 2d 1199 (E.D. Cal. 2009) .................................................. 15

*Diaz v. Fed. Express Corp.,*
    373 F. Supp. 2d 1034 (C.D. Cal. 2005) ............................................... 8, 14

*Kratzer v. Rockwell Collins, Inc.,*
    398 F.3d 1040 (8th Cir. 2005) ................................................................. 12

*McCaffrey v. Brobeck, Phleger & Harrison, L.L.P.,*
    No. C 03-2082 WWS, 2005 WL 3358775 (N.D. Cal. Apr. 27, 2005)................ 18

**California Cases**

*Arteaga v. Brink's, Inc.,*
    163 Cal. App. 4th 327, 77 Cal. Rptr. 3d 654 (2008) ....................... 12, 13

*Campbell v. Regents of the Univ. of Cal.,*
    35 Cal. 4th 311 (2005) ............................................................................. 15

*Gibson v. Unemployment Appeals Board,*
    9 Cal. 3d 494 (1973) ................................................................................. 19

*Green v. State of California,*
    42 Cal. 4th 254 267 (2007) ........................................................................ 9

*Hanson v. Lucky Stores, Inc.,*
    74 Cal. App. 4th 215 (1999) ..................................................................... 11

*Holland v. Union Pac. R.R. Co.,*
    154 Cal. App. 4th 940 (2007) ..................................................................... 7

*Jensen v. Wells Fargo Bank,*
    85 Cal. App. 4th 245 (2001) ........................................................... 7, 11, 12

*Johnson v. City of Loma Linda,*
    24 Cal. 4th 61 (2000) ................................................................................. 6

*King v. United Parcel Srvc., Inc.,*
    152 Cal. App. 4th 426 (2007) ........................................................... 11, 12

*Murphy v. Kenneth Cole Prods., Inc.*,
  40 Cal. 4th 1094 (2007) ...................................................................... 17

*Okoli v. Lockheed Technical Operations Co.*,
  36 Cal. App. 4th 1607 (1995) ............................................................... 6

*Raine v. City of Burbank*,
  135 Cal. App. 4th 1215 (2006) ............................................................ 10

*Soldinger v. Northwest Airlines, Inc.*,
  51 Cal. App. 4th 345 (1996) ................................................................ 11

*Thomas v. California Employment Stabilization Commission*,
  39 Cal. 2d 501 (1952) .......................................................................... 19

*Wilson v. Cty. of Orange*,
  169 Cal. App. 4th 1185, 87 Cal. Rptr. 3d 439 (2009) ......................... 14

**California Statutes**

Cal. Bus. & Prof. Code
  § 17200 et seq. ..................................................................................... 18

Cal. Civ. Proc. Code
  § 340 ..................................................................................................... 17

Cal. Gov't Code
  §§ 12926.1(b), (c) ................................................................................. 8
  § 12940(n) ............................................................................................ 12

Cal. Lab. Code 98.6 ............................................................................... 18

Cal. Lab. Code
  §§ 21, 79, 98.6 ..................................................................................... 15
  §§ 79-107 ............................................................................................. 16
  § 96 ...................................................................................................... 16
  § 98.6 ............................................................................................. 15, 16
  § 226 ..................................................................................................... 17
  § 233 ..................................................................................................... 16
  § 246(h) ................................................................................................ 17
  § 1102.5 ................................................................................................ 16

Unemp. Ins. Code
  § 1032 ................................................................................................... 19
  § 1326 ................................................................................................... 19

**Other State Statutes**

Gov'т. Code
  § 12960(d) .............................................................................................. 6

Unemployment Insurance Code
  § 1951 ................................................................................................... 19

DEFENDANTS VIA PRODUCTIONS, LLC AND DUFRESNE SPENCER GROUP, LLC' OPPOSITION TO
PLAINTIFF JOSS PURSLEY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**Other Authorities**

Cal. Code Regs. § 11069(b) ......................................................................... 12

DEFENDANTS VIA PRODUCTIONS, LLC AND DUFRESNE SPENCER GROUP, LLC' OPPOSITION TO
PLAINTIFF JOSS PURSLEY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   <u>INTRODUCTION</u>

This case epitomizes the old adage that no good deed goes unpunished.  Here we have a close-knit small business that strives to take care of its employees and support their personal growth.  Defendant VIA Productions ("VIA") hired Plaintiff Joss Pursley ("Plaintiff") as a Production Specialist in 2013, where she worked out of the Memphis office designing television commercials.  Less than a year later, Plaintiff decided she wanted to move to California, in part to pursue her independent interests in comedy and acting.  VIA agreed to let Plaintiff continue to work for them remotely in L.A.  In late 2015, VIA's business model changed such that Plaintiff's role needed to be integrated into an L.A. office. Plaintiff refused to do this unless VIA doubled her salary, and failed to state there was a medical reason for her refusal or provide any documentation in support of her request to continue to work remotely.

Despite the business need to have Plaintiff work at least part of her time in the local office, VIA repeatedly attempted to accommodate Plaintiff's preference to work from home, even though she never provided medical support that she needed to work from home because of a disabling condition.  VIA offered her a private office, flexible hours that minimized her overlap with others, and other accommodations, but Plaintiff rejected them all.  In the end, VIA was even willing to create an entirely new position for Plaintiff so she could work from home.  However, shortly after agreeing to this proposal, Plaintiff refused to take on work, forcing her co-workers to work overtime instead because she did not want to work until she had the final details on her new position.  VIA understandably lost faith in Plaintiff after her insubordination and terminated her employment.

Now, Plaintiff has brought a twelve count lawsuit, alleging disparate theories of discrimination.  As it will be shown further below, the material facts regarding these claims are highly disputed and are therefore inappropriate for summary judgment, or they should be dismissed with prejudice in Defendants' favor.

## II.     STATEMENT OF FACTS

VIA Productions ("VIA") is a video production company based in Memphis, Tennessee. (Defendant's Statement of Genuine Issues ("SGI")), Docket Entry Number ("Dk. No.") 50-XX, Additional Issue ("AI") 1).  Dufresne-Spencer Group ("DSG") is one of VIA's largest shareholders and provided human resources services to VIA during the actions of this lawsuit.[1]  SGI, Dk. No. 50-1, AI 5.  VIA hired Plaintiff as a graphic designer and video editor in February 2013.  SGI, Dk. No. 50-1, AI 6.  VIA was (and is) a small, close-knit company and its employees, including Plaintiff, generally had close personal relationships.  SGI, Dk. No. 50-1, AI 8.  Haun considers Plaintiff a close personal friend.  *Id.*.  Plaintiff voluntarily went on multiple social outings with other VIA employees during the course of her employment.  SGI, Dk. No. 50-1, AI 9.  Plaintiff worked out of VIA's Memphis office when she was first hired.  SGI, Dk. No. 50-1, AI 10.  Plaintiff worked well in this office setting and never complained about being anxious working in this environment.  SGI, Dk. No. 50-1, AI 11.  Plaintiff relocated to Los Angeles in March 2014, in part to pursue a career as an actor and comic.  SGI, Dk. No. 50-1, AI 12. VIA allowed Plaintiff to continue working for them remotely after she moved to L.A.  SGI, Dk. No. 50-1, AI 13.

Plaintiff began experiencing symptoms of gender dysphoria after moving to Los Angeles and began seeking treatment from a psychologist for these issues in November 2014.  SGI, Dk. No. 50-1, AI 15.  Plaintiff never asked for a note from her therapist that would verify that her mental health problems limited her ability to work in an office while she worked for VIA.  SGI, Dk. No. 50-1, AI 17.

VIA took on the national Ashley Home Store account in the summer of 2015, a significant increase in business.  SGI, Dk. No. 50-1, AI 19.  To accommodate this increase in business, VIA opened a physical office in Los Angeles in August 2015

---

[1] Dufresne Spencer Group does not have or exercise authority over any of VIA's employees, and none of VIA's employees (including Plaintiff) worked on behalf of DSG.  SGI, Dk. No. 50-1, AI 3, 4.

dedicated solely to the production of work for Ashley Home Store.  SGI, Dk. No. 50-1, AI 20.  VIA had previously assigned individual clients to individual designers in a "siloed" fashion prior to taking on the national Ashley Home Store account.  SGI, Dk. No. 50-1, AI 21.  VIA opened the L.A. office in order to create a new, more efficient, team-based workflow on their Ashley Home Store related work. SGI, Dk. No. 50-1, AI 22.  This allowed for more efficient work and for co-workers to cover for each other in the event another one is unable to work on a project in advance of a deadline.  SGI, Dk. No. 50-1, AI 23.  VIA decided to bring the work for the regional Ashley Home Store licensees (DSG and Hill Country Holdings) into the same team-based work flow in the L.A. office in order to benefit from the same efficiencies; this move required anyone working on DSG or Hill Country Holdings commercials, including Plaintiff, to begin working out of the Los Angeles office. SGI, Dk. No. 50-1, AI 24.

When John Haun informed Plaintiff of the plan to move this work into the L.A. office, she indicated that she would prefer working from home.  SGI, Dk. No. 50-1, AI 25.  Haun asked Plaintiff to at least consider working in the L.A. office and have a discussion about the topic with Nathan Babian, the producer in charge of that office.  SGI, Dk. No. 50-1, AI 26.  In this meeting, Plaintiff indicated she was anxious about working in an office, but never stated that she was in any way physically or mentally limited in her ability to work in an office or that working in an office would cause her to have panic attacks or other mental or physical problems.  SGI, Dk. No. 50-1, AI 28.  Babian offered multiple solutions to help ease Plaintiff's anxiousness, including a private office, a private space to retreat to, and a flexible work schedule that would minimize her interactions with other co-workers.  SGI, Dk. No. 50-1, AI 29.  Plaintiff rejected all of these options, claiming she would only come into the office if VIA doubled her salary.  *Id.*

John Haun allowed Plaintiff to continue working from home while VIA's L.A. office opened and began its new work-flow for the new national client because he

wanted to avoid disrupting service to VIA's clients.  SGI, Dk. No. 50-1, AI 30.  In September 2015, Haun met with Plaintiff over dinner in Los Angeles, in part to discuss the possibility of Plaintiff beginning to work out of the L.A. office.  SGI, Dk. No. 50-1, AI 31.  Plaintiff confided to Haun over dinner that she was struggling with her gender-identity and that she was anxious about coming into work in the L.A. office because she wasn't comfortable coming into an office after transitioning to life as a woman with people who knew her pre-transition.  SGI, Dk. No. 50-1, AI 32.  Plaintiff did not tell Haun that she was unable to come into the office due to any mental or physical disability or that coming into an office would cause panic attacks.  SGI, Dk. No. 50-1, AI 55.  Haun did not reveal Plaintiff's gender identity issues with anyone at VIA during Plaintiff's employment.  SGI, Dk. No. 50-1, AI 33.

By December 2015, the new work-flow in the L.A. office was proving to be successful and VIA decided to fully integrate all of the Ashley Home Store work into this in-office process.  SGI, Dk. No. 50-1, AI 34.  This transition required Plaintiff to begin working out of the L.A. office due to the need for employees to be in the same place, working from the same assets in order for the process to work.  SGI, Dk. No. 50-1, AI 35.  With one member of the team working offsite, the process would slow down considerably because all of the large shared files would have to be uploaded and downloaded across the internet, prohibiting frequent back and forth changes between team members.  *Id.*  Babian sent an e-mail offering Plaintiff a restructured position that would require her to work out of the L.A. office.  SGI, Dk. No. 50-1, AI 36.  Babian then had a follow up conversation with Plaintiff about the newly restructured position, but Plaintiff did not agree to work in the office.  SGI, Dk. No. 50-1, AI 37.  Plaintiff stated that she was anxious about working in an office and was not "the same person in the office versus at home" but did not indicate that there was any mental or physical condition that was limiting her ability to work in an office.  *Id.*

Haun called Plaintiff after learning that she rejected the offer of the

restructured job.  SGI, Dk. No. 50-1, AI 38. Plaintiff asked to keep her job as is, but Haun indicated that all Ashley Home Store work had to be done out of the L.A. office starting in January.  SGI, Dk. No. 50-1, AI 39.  Plaintiff did not indicate to Haun that she could not work in the office because of a mental or physical condition, or that she would suffer from panic attacks if she worked out of the L.A. office.  SGI, Dk. No. 50-1, AI 40.  Ultimately, Haun offered to create a new position for Plaintiff that would allow her to continue to work from home, but on projects other than Ashley Home Store commercials.  SGI, Dk. No. 50-1, AI 41. Because VIA created the position specifically out of this conversation, the details of exactly what work Plaintiff would perform and how many hours VIA could guarantee Plaintiff were still being formulated at this point.  SGI, Dk. No. 50-1, AI 42. However, VIA and Plaintiff agreed that Plaintiff would continue to work on her typical projects on a transitional basis until her new position could be created and a replacement hired to take over her former workload in the L.A. office.  SGI, Dk. No. 50-1, AI 43.

Soon after agreeing to this transitional role, in the week before New Year's 2016, Plaintiff refused to work on a project that VIA assigned to her because she wanted to have the details of her new remote position clarified.  SGI, Dk. No. 50-1, AI 44. As a result of this refusal, Babian had to work overtime on New Year's weekend.  SGI, Dk. No. 50-1, AI 45.  VIA did not assign work to Plaintiff the following week because she reported that she was ill and could not work.  SGI, Dk. No. 50-1, AI 46.  On January 12, project coordinator Lauren Hallum reached out to Plaintiff to see if she would take on a new project. SGI, Dk. No. 50-1, AI 47. Two days later, Plaintiff responded that she would not work on any new projects until VIA "finalized" her new role.  *Id.*.  Chad Schaffler, an Executive Producer with VIA who was overseeing this work, called Plaintiff to discuss the refusal to work with Plaintiff.  SGI, Dk. No. 50-1, AI 48.  Plaintiff "hemmed and hawed," but would not commit to doing this work during that call.  *Id.*  After this second refusal to do work in a two week span, Schaffler called John Haun and recommended terminating

Plaintiff immediately.  SGI, Dk. No. 50-1, AI 49.  Haun accepted Schaffler's recommendation and VIA terminated Plaintiff shortly thereafter.  SGI, Dk. No. 50-1, AI 50.

Approximately 6 weeks later, Plaintiff accepted another position that required her to work in an office, and later worked another position which required her to work in an office.  SGI, Dk. No. 50-1, AI 51.  Plaintiff was able to perform her job satisfactorily at those positions even though she had to work in an office.  *Id.*  In fact, Plaintiff never told her post-VIA employers that she could not work in an office until after this litigation began.   SGI, Dk. No. 50-1, AI 52.  Plaintiff's therapist, Dr. Doryann Lebe, testified that Plaintiff did not begin having symptoms of panic attacks related to working in an office and the related physical signs of these attacks until 2017. SGI, Dk. No. 50-1, AI 53.  Dr. Lebe's recommendation that Plaintiff be allowed to work from home as an accommodation for her mental condition was only related to Plaintiff's condition in 2017.  SGI, Dk. No. 50-1, AI 54.

## III.   <u>LEGAL ARGUMENT</u>
### A.   <u>Plaintiff Must Exhaust Her Administrative Remedies Before Suing For Violations Of The Fair Employment And Housing Act ("FEHA") – Failure to Do So Is Fatal To Her FEHA Claims.</u>

Plaintiff must file a ***timely and sufficient*** administrative complaint with the Department of Fair Employment and Housing ("DFEH"), and receive a "right-to-sue-letter" before suing for a FEHA violation of GOV'T. CODE, §§ 12960, 12965(b). The administrative complaint must be filed with the DFEH within one year of the date the alleged unlawful practice occurred.  GOV'T. CODE, § 12960(d).  This exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the court.  *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000).  Therefore, failure to file an administrative charge before commencing suit is ground for dismissal of the action for violation of FEHA.  *Okoli v. Lockheed Technical Operations Co*., 36 Cal. App. 4th 1607, 1613 (1995).  Plaintiff bears the burden of pleading and proving the timely filing of a sufficient complaint with the DFEH and obtaining a right-to-sue

letter.  *Holland v. Union Pac. R.R. Co*., 154 Cal. App. 4th 940, 945 (2007).

Plaintiff has not produced admissible evidence in support of her Motion (or in this litigation) to establish that she filed an administrative complaint no later than January 18, 2017 (one year after her termination) with the DFEH alleging ***any*** type of discrimination or retaliation stemming from her employment with VIA.[2]  SGI, Dk. No. 50-1, AI 62.  Plaintiff did not attach a copy of an administrative complaint or right to sue letter from the DFEH with her original or First Amended Complaint. (Dk. Nos. 1 and 31).

The evidentiary record therefore demonstrates Plaintiff did not file an administrative complaint or receive a right-to-sue letter from the DFEH for any unlawful act alleged in this lawsuit.  Therefore, summary judgment in favor of Plaintiff on these claims should be denied and the court should instead dismiss Plaintiff's FEHA claims with prejudice.

> **B.**   **<u>Plaintiff is Not Entitled to Summary Judgment  on Her Claim For Failure To Accommodate .</u>**

To establish a claim for failure to accommodate under FEHA, Plaintiff must establish that (1) she is a qualified individual who is disabled under FEHA, (2) she can perform the essential functions of either the job she had or the job she sought, and (3) the employer failed to reasonably accommodate her disability.  *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 256 (2001).

---

[2] Plaintiff did not move for summary judgment on her first, second, third and sixth causes of action for discrimination in violation of FEHA (which constitute Plaintiff's claims for gender discrimination, sexual orientation discrimination, disability discrimination and failure to prevent discrimination).  However, Plaintiff's apparent failure to meet her administrative exhaustion requirement demands the dismissal of ***all*** her FEHA based claims with prejudice.  Defendants therefore request the Court permit both parties the opportunity to brief Plaintiff's failure to exhaust her remedies as to these claims so the Court can determine whether they should also be dismissed with prejudice.  Alternatively, Defendants request the Court set a hearing for an order to show cause why Plaintiff's FEHA claims should not be dismissed with prejudice for her failure to timely file a sufficient administrative charge with the DFEH against both Defendants.

### 1.   <u>Plaintiff is not limited in her ability to work in an office.</u>

A plaintiff is "disabled" under the FEHA if he or she is limited in a major life activity by virtue of a physical or mental condition.  *Diaz v. Fed. Express Corp.*, 373 F. Supp. 2d 1034, 1048 (C.D. Cal. 2005).  While depression can qualify as a mental disability under the FEHA, it must actually limit a major life activity.  *See* Cal Gov't Code §§ 12926.1(b), (c). Genuine disputes of material fact exist as to the extent to which Plaintiff's alleged mental conditions limited her ability to work in an office.

Plaintiff worked in VIA Productions' office in Memphis without incident. SGI, Dk. No. 50-1, AI 11.  Plaintiff never worked in VIA's office in Los Angeles such that her symptoms would have manifested.  Plaintiff worked successfully in two offices subsequent to VIA terminating her. SGI, Dk. No. 50-1, AI 51.  In fact, Plaintiff never even told her post-VIA employers that she could not work in an office until <u>after</u> this litigation began.  SGI, Dk. No. 50-1, AI 52.  While Plaintiff claims that she had "dizzy spells, fainting, [and] being scared" at these post-VIA positions, this testimony is both self-serving and undercut by her admission that her performance at these positions has always been considered satisfactory.  *Id.*

Furthermore, there is <u>no</u> testimony in the record that Plaintiff actually suffered these symptoms *while* working for VIA.  Dr. Lebe testified that her affidavit only touched on Plaintiff's condition in 2017. SGI, Dk. No. 50-1, AI 53, 54.  Finally, it should be noted that the record regarding Plaintiff's mental health and the extent her mental conditions may limit her life activities is incomplete in this case due to Plaintiff's obstruction in discovery.  *See* Dkt. No. 46.  In sum, there are considerable factual disputes regarding the existence of Plaintiff's mental conditions, and the extent to which they actually impact her major life activities.  Summary judgment should therefore be denied on the failure to accommodate and failure to engage in the interactive process claims.

### 2.   <u>Plaintiff is not a "qualified" individual with a disability.</u>

Under FEHA, a plaintiff is a qualified individual with a disability if they are

able to perform the essential duties of the position with or without reasonable accommodation.  *Green v. State of California*, 42 Cal. 4th 254 267 (2007).  Dr. Lebe has testified in her declaration that Plaintiff is substantially limited in her ability to work in an office.  Dkt. No. 41-4.  She clarified at deposition that this diagnosis was limited to Plaintiff's condition in 2017.  SGI, Dk. No. 50-1, AI 53, 54.  Furthermore, Defendants strongly dispute whether Plaintiff was actually disabled.  *See supra*, at § III.B.1.  Even assuming that Plaintiff is disabled, she still is not a qualified individual if she cannot perform the essential duties of her position.  Here, there is a genuine dispute of material fact as to whether working in the office was an essential duty of Plaintiff's at VIA.

VIA Productions began taking on a significant amount of new work in mid to late 2015.  SGI, Dk. No. 50-1, AI 19.  This account required a new work flow to handle the increase in volume.  *Id.* SGI, Dk. No. 50-1, AI 20.  In response, VIA decided to open a new office in Los Angeles dedicated to retail furniture work (including the new national account).  *Id.*  After this new process proved successful and Ashley Home Store national extended their contract, VIA decided it needed to move to completely integrate both the national retail furniture work and the regional retail furniture work that Plaintiff worked on, which would require Plaintiff to work out of the L.A. office.  SGI, Dk. No. 50-1, AI 24. If Plaintiff cannot work in an office, she is not qualified individual with a disability.

Plaintiff contests the necessity of this change in her job duties, but that simply shows that there is a genuine issue of material fact in dispute on this issue.  *See* SGI, Dk. No. 50-1, AI 56. Accordingly, summary judgment should be denied on the failure to accommodate and failure to engage in the interactive process claims because there is a genuine issue of material fact as to whether Plaintiff is a qualified individual with a disability.

### 3.    VIA accommodated Plaintiff by offering her a private office, flexible hours, and a restructured position.

There is also a genuine dispute of material fact as to whether VIA offered Plaintiff accommodations.  When Plaintiff indicated that she would not come into the office to work, Nathan Babian offered potential options to alleviate Plaintiff's concerns.  Babian offered to give Plaintiff a private office, a private space in the open office, and a flexible work schedule that would minimize her interaction with others.  SGI, Dk. No. 50-1, AI 57.  But Plaintiff indicated that she would only come into the office if VIA doubled her salary.  SGI, Dk. No. 50-1, AI 29. When Plaintiff rejected these proposed accommodations, John Haun worked to create a new position for her with similar responsibilities (but different clients) that would allow her to work from home. SGI, Dk. No. 50-1, AI 41.  Plaintiff accepted this new position as an acceptable accommodation.  SGI, Dk. No. 50-1, AI 57.  This fact alone should result in summary judgment for Defendants in regards to Plaintiff's failure to accommodate and failure to engage in the interactive process claims. However, at the very least there are genuine issues of material fact in dispute regarding these claims and therefore Plaintiff's motion for summary judgment on these issues should be denied.

### 4.    Defendant's refusal to create Plaintiff's preferred position does not amount to a failure to accommodate her disability.

Plaintiff appears to argue that Defendants should have created a full-time position that allowed her to continue to work at home without being required to come into the office and that failing to do so was a failure to accommodate her disability.  This, however, is neither appropriate nor required by law.  As discussed *supra* at § III.B.2, working in the office was an essential function of Plaintiff's position beginning in December 2015.

California law is very clear that removing an essential function is not a reasonable accommodation.  *Raine v. City of Burbank*, 135 Cal. App. 4th 1215, 1224

(2006) (finding "California law is emphatic that an employer has no affirmative duty to create a new position to accommodate an disabled employee").  Further, an employer is not required to choose the preferred accommodation or the one that the employee seeks.  *Soldinger v. Northwest Airlines, Inc.*, 51 Cal. App. 4th 345, 370 (1996).  Rather, the employer providing the accommodation has the ultimate discretion to choose between effective accommodations, and may choose the less expensive accommodation or the one that is easier for it to provide.  *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 228 (1999).  Here, VIA actually <u>did</u> create a new position for Plaintiff, but it would not create the exact position Plaintiff wanted – working for the clients she previously worked with, while working from home.  The facts show that VIA Productions already went beyond what the law required of it.  VIA's refusal to create the exact position Plaintiff desired is not sufficient to sustain a discrimination claim under FEHA.  Plaintiff's summary judgment on failure to accommodate should therefore be denied.

### C.      <u>Plaintiff is not Entitled to Summary Judgment on Her Claim for Failure to Engage in the Interactive Process.</u>

The elements of a claim for failure to engage in the interactive process are: (1) the employer had notice that the plaintiff desired an accommodation, (2) a reasonable accommodation existed that would allow the plaintiff to perform her job effectively was possible, and (3) the employer was responsible for the breakdown in the interactive process.  *Barnett v. U.S. Air*, 228 F.3d 1105, 1116 (9th Cir. 2000).  Before the employer's obligation to engage in the interactive process is triggered, the employee must typically provide the employer with a list of restrictions that must be met to accommodate the employee's disability.  *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 266 (2000); *King v. United Parcel Srvc., Inc.*, 152 Cal. App. 4th 426, 433 (2007) ("An employer [is not] ordinarily liable for failing to accommodate a disability of which it had no knowledge") (internal citations omitted).

The law is clear that Plaintiff has the responsibility to initiate the process of

requesting a reasonable accommodation.  *See* Cal. Gov't Code § 12940(n) (The employer must engage in a "timely, good faith interactive process … in response to a request for a reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition" (emphasis added).  The burden of making known the employee's limitations lies on the employee, such that the employee must give a "concise list of restrictions" for an accommodation. *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 266 (2000); *King v. United Parcel Srvc., Inc.*, 152 Cal. App. 4th 426, 433 (2007).   It is primarily an employee's responsibility to inform the employer what accommodations he or she needs to perform the job.  *King v. United Parcel Service, Inc.*, 152 Cal. App. 4th 426, 443 (2007). ("[a]n employee cannot demand clairvoyance of [his or her] employer"). The duty to initiate the interactive process only falls to the employer when the employer "becomes aware of the need for an accommodation...by observation..." Cal. Code of Regs. §11069(b).

Furthermore, an employee is also required to provide medical information about her condition and the limitations it imposes before an employer is required to provide reasonable accommodations.  *See, e.g.*, *Kratzer v. Rockwell Collins, Inc.*, 398 F.3d 1040, 1045 (8th Cir. 2005); *Allen v. Pacific Bell*, 348 F.3d 1113, 1115 (9th Cir. 2003); EEOC Enforcement Guidance: Disability Related Inquiries and Medical Examinations of Employees Under the ADA, Question 10 (2000) (employee's medical documentation must set forth the employee's functional limitations and substantiate the need for accommodation); *see also Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 347, 77 Cal. Rptr. 3d 654, 670 (2008) ("An employer does not have to accept the employee's subjective belief that he is disabled and may rely on medical information in that respect.")

The medical information provided by the employee must include "a concise list of restrictions" that the employee claims require accommodation.  Here, Defendants were not required to engage in the interactive process in this case

because Plaintiff never requested an accommodation for a disability, they were not aware that Plaintiff had a disability that needed to be accommodated, and even if they were, Plaintiff failed to provide any medical documentation supporting her claims.  Finally, Plaintiff did not provide any medical documentation supporting her alleged request for an accommodation.  SGI, Dk. No. 50-1, AI 17.  Even if Plaintiff were able to show that Defendants were aware of her disability, she inarguably failed to present any medical documentation in support of her alleged request for an accommodation.

Next, there is a dispute of fact regarding whether Plaintiff requested an accommodation for a disability.  Plaintiff never stated that she could not work in an office because of a disability.  Rather, she framed it as something she simply felt anxious or trepidatious about or that she would do better work from home.  SGI, Dk. No. 50-1, AI 55.

Further, there is a dispute of fact as to whether any of the decision makers at VIA had actual or constructive knowledge of Plaintiff's need for an accommodation due to a disability.  None of the parties involved in the decision making processes at issue in this case (Nathan Babian, Chad Schaffler and John Haun) knew of Plaintiff's disability or the need for an accommodation.  *See id.*  For the first time in this motion, Plaintiff has submitted an affidavit from Tom Strodtbeck, a former co-worker of Plaintiff's.  Strodtbeck alleges that Plaintiff confided in him regarding her alleged disabilities and how Plaintiff "wanted to work from home due to her severe social anxiety and depression."  Dkt. No. 41-5, ¶ 7.  Strodtbeck states that he never shared Plaintiff's anxiety and depression with anyone else at VIA because he felt it was not his place to discuss Plaintiff's private mental state.  *Id.*  Strodtbeck remained tight-lipped on the topic even when his superior, Chad Schaffler, asked him multiple times why Plaintiff did not want to come into the office, because Strodtbeck did not want to invade Plaintiff's privacy.  *Id.* at ¶ 8.

While Strodtbeck's knowledge could theoretically be imputed to VIA, there

are outstanding questions of fact that preclude summary judgment based on this declaration.  First, Strodtbeck's statements do not actually state he was aware that Plaintiff's mental conditions limited a major life activity.  Strodtbeck merely states that he knew Plaintiff "wanted" to work from home "due to" her mental conditions.  Further, even if Strodtbeck knew Plaintiff was disabled, it is still not clear if that knowledge should be imputed to VIA.  Whether this knowledge is imputed to VIA depends upon the scope of the duty arising from the agency agreement between Strodtbeck and VIA.  *Diaz v. Fed. Express Corp.*, 373 F. Supp. 2d 1034, 1058 (C.D. Cal. 2005) (quoting *Triple A Mgmt. Co. v. Frisone*, 69 Cal. App. 4th 520, 535, 81 Cal. Rptr. 2d 669 (1999).)  The relevant test is whether Strodtbeck, as VIA's agent, ought, in good faith and the exercise of ordinary care and diligence, to communicate the information to VIA.  *Diaz v. Fed. Express Corp.*, 373 F. Supp. 2d 1034, 1058 (C.D. Cal. 2005).  Here, there is a complete absence of evidence on the scope of Strodtbeck's relationship with VIA, therefore summary judgment should be denied on the issue of whether VIA had knowledge of Plaintiff's disability or need for an accommodation.

The employer's obligation to engage in an interactive process under FEHA only requires an informal process with the employee in an attempt to identify a reasonable accommodation that will enable the employee to perform his job effectively.  *Wilson v. Cty. of Orange*, 169 Cal. App. 4th 1185, 1195, 87 Cal. Rptr. 3d 439, 447 (2009).  Here, Nathan Babian talked with Plaintiff to try to "figure out a situation in the office that could work for" Plaintiff, including offering a private space and § of the office, Plaintiff's own office space, and flexible work schedule where Plaintiff could minimize the amount of time she had to be around co-workers. (Babian Depo 25:14-24, 42:19-25, 43:1-18., 76:1-22.)  When Plaintiff rejected all of these proposals, VIA offered to create a new position for Plaintiff where she could work from home.  SGI, Dk. No. 50-1, AI 41.  There are general disputes of material fact as to whether these accommodations were reasonable, but there is no dispute

that VIA actually worked with Plaintiff to try to accommodate her desire not to come into the office – even though VIA had no knowledge of Plaintiff's desire not to work in an office being related to a disability!  Accordingly, Plaintiff's Motion for Summary Judgment should be denied as to the Failure to Engage in the Interactive Process claim.

**D.    Plaintiff's Claim For Alleged Violations Of California Labor Code § 98.6 Fails For Multiple, Independent Reasons.**

California Labor Code § 98.7 prescribes an administrative remedy for persons allegedly discharged or discriminated against in violation of any law under the jurisdiction of California's Labor Commissioner.   California Labor Code § 98.6, the statutory provision on which Plaintiff's seventh claim for relief is based, falls within the Labor Commissioner's jurisdiction.  *See* Cal. Lab. Code §§ 21, 79, 98.6.  As a result, civil actions for alleged violations of Labor Code § 98.6 are subject to § 98.7's pre-filing administrative remedies provision.  *Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1220 (E.D. Cal. 2009).

Under California law, "[w]here an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act."  *Campbell v. Regents of the Univ. of Cal.*, 35 Cal. 4th 311, 321 (2005) (quoting *Abelleira v. Dist. Ct of Appeal*, 17 Cal.2d 280, 292 (1941)).  "Exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts."  *Campbell*, 35 Cal.4th at 321 (citing *Johnson v. City of Loma Linda*, 24 Cal.4th 61, 70 (2000)).  Plaintiff has failed to allege any facts whatsoever establishing she exhausted her administrative remedies as to her seventh cause of action.  Indeed, Plaintiff is completely silent on this important jurisdictional issue.  *Creighton*, 628 F.Supp.2d at 1220, 1221 (granting motion for judgment on the pleadings to the plaintiff's claim for alleged violation of California Labor Code § 98.6 because the Complaint failed to allege facts establishing the plaintiff exhausted her administrative remedies).

Furthermore, Plaintiff brazenly overstates the reach of Labor Code § 98.6 by asserting it "provides that no person shall discriminate against any employee because the employee engaged in any conduct protected by the Labor Code. (Motion, pg. 15, lns 16-19). Instead, California Labor Code § 98.6 is narrow, as it makes it an unlawful employment practice for an employer to:

> discriminate against any employee …because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of § 96, and Chapter 5 (commencing with § 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights, which are under the jurisdiction of the Labor Commissioner…

Cal. Lab. Code § 98.6. The statute's reference to "conduct delineated in this chapter" is referring to conduct relating to the filing, prosecuting or assisting in the prosecution of a complaint filed with California's Division of Labor Standards Enforcement. *See* Cal. Lab. Code §§ 79-107; *see* also Cal. Lab. Code § 96. Thus, under § 98.6's own terms, it prohibits an employer from discriminating against an employee for: (1) making any complaint to, or instituting any proceedings before California's Division of Labor Standards Enforcement; (2) disclosing any information to a government or law enforcement agency where the employee has reasonable cause to believe the information discloses a violation of a state or federal statute; (3) instituting any action or proceeding pursuant to California's Private Attorneys General Act; or (4) participating in any Labor Commissioner or Private Attorneys General Act proceeding. Cal. Lab. Code § 98.6; see also Cal. Lab. Code § 1102.5.

Plaintiff asserts she was unlawfully terminated for exercising her rights under California Labor Code § 233 (the "Kin Care" law) which clearly does not fall. within one of § 98.6's enumerated prohibitions. Cal. Lab. Code § 98.6. Moreover, Plaintiff contends she was terminated for exercising her right to use paid sick leave for her own illness, but mistakenly relies on Labor Code § 233(which entitles

16

employees to use accrued sick leave to care for a seriously ill family member). Plaintiff admits she was "ill for two days in the year 2016" and not to care for an ill family member (Plaintiff's Motion for Summary Judgment, Dk. No. 41-1, p. 16, line 1).[3]  This claim fails as a matter of law and summary judgment should be awarded to Defendants, not Plaintiff.

### E.   Plaintiff's Twelfth Cause of Action for Violation of Labor Code § 226(a) is Time Barred.

In Plaintiff's twelfth cause of action, Plaintiff alleges Defendants failed to furnish accurate itemized statements pursuant to Labor Code § 226(a) by failing to track overtime and double-time hours on its wage statements and failure to list all applicable hourly rates in effect during the pay period.

Plaintiff is statutorily barred from alleging wage statement penalties under Labor Code § 226 because the FAC asserting this claim was filed more than one year after Plaintiff's employment with VIA ended.  Pursuant to California Code of Civil Procedure § 340, there is a one-year statute of limitations for statutory penalties provided by Labor Code § 226.  *See Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal.4th 1094, 1118 n.16 (2007) (wage statement violations are "indisputably governed by a one-year statute of limitations").

Here, Plaintiff's FAC was filed on February 28, 2017, wherein she first alleged she did not receive code compliant wage statements.  Plaintiff's claims for statutory penalties could therefore only apply to alleged violations and wage statements she received from Defendant on or after February 28, 2016.  However, Plaintiff was no longer employed with VIA after January 18, 2016.  *Compare* Amended Complaint, Dkt. No. 31 *with* Superior Court Complaint, Dkt. No. 1-1.

---

[3] Plaintiff's misapplication of the law appears to be an attempt to create a private cause of action for alleged violations of Labor Code § 246 where none exists.  *See* Cal. Lab. Code § 246(h) (no express private right of action). *Compare* Assembly Bill No. 1522 at 13, 2013–2014 Regular Session, Mot. Ex. B, ECF No. 9 (original draft of § 248.5(e) allowing "a person" to bring a civil action), *with* Cal. Lab. Code § 248.5(e) (enacted provision omitting reference to "a person").

Therefore, Plaintiff's twelfth cause of action is time barred and the Court should dismiss this claim with prejudice.

### F.    The Undisputed Facts Confirm There are No Unfair Business Practices.

Plaintiff's claim under California Business and Professions Code § 17200 ("17200") fails because (1) it is a derivative claim based upon the defective Labor Code 98.6 claim and (2) Plaintiff's alleged right to recover unemployment compensation "premiums" and/or benefits are clearly impermissible under 17200.

"Unfair competition" is defined to include "any unlawful, unfair, or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200 et seq.  Because the 17200 claim is partially derivative of Plaintiff's defective Labor Code 98.6 claim regarding failure to provide paid sick leave, it fails with it.[4]  *McCaffrey v. Brobeck, Phleger & Harrison, L.L.P.,* No. C 03-2082 WWS, 2005 WL 3358775, at *5 (N.D. Cal. Apr. 27, 2005) (granting summary judgment on § 17200 claim which was merely derivative of WARN Act claim, which was dismissed).

Second, there is no allegation or supporting facts to demonstrate that Plaintiff was eligible to receive unemployment compensation.  Plaintiff's eligibility for unemployment compensation benefits is determined by the California State Employment Development Department and is wholly independent of Defendants' payment (or non-payment) of employment taxes to support the benefits.  Generally, where the Legislature provides authority to an administrative agency to resolve issues, the court should not usurp that authority in considering a claim under Business & Professions Code § 17200.  *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* 20 Cal. 4th 163, 170-171 (1999).  Finally, notwithstanding all of the above, there can be no equitable remedy which requires Defendant to pay

---

[4] In addition, Plaintiff provides no facts in support of her allegation that it was "unfair" for Defendants not to provide paid sick leave and must fail for this additional reason.  (Motion, pgs. 17-18).

Plaintiff's lost employment taxes, given that Plaintiff would not have received those taxes under any circumstances.

### 1. If Plaintiff has been denied unemployment compensation benefits, her dispute lies with the State of California, not with Defendants.

The allegations with respect to denial of unemployment benefits should be stricken from the Complaint because Defendants' behavior is irrelevant, and the grant or denial of benefits is beyond Defendants' control. Unemployment Insurance Code § 1326 expressly provides that upon application for benefits, the Employment Development Department will make an initial determination as to eligibility. Moreover, the Department is required to pay benefits if the individual claimant satisfies the conditions of eligibility, and eligibility is not in any way determined by the level of employer contributions. *See Thomas v. California Employment Stabilization Commission,* 39 Cal. 2d 501, 504 (1952).

In fact, Unemployment Insurance Code § 1025 clearly provides that neither the employee nor the employer have any right to sums contributed or paid as unemployment insurance taxes. It is also true that benefits can be paid to individuals when no employer reserve account is charged. *See* Unemployment Insurance Code § 1032. Decisions on benefit eligibility by EDD are within the exclusive subject matter jurisdiction of the Unemployment Insurance Appeals Board. Unemployment Insurance Code § 1951. *See also, Gibson v. Unemployment Appeals Board*, 9 Cal. 3d 494,495 (1973). Issues of benefit eligibility are not properly and directly before this court.

It is therefore apparent, as a matter of law, that if the Plaintiff has applied for and was denied unemployment insurance benefits, it is purely a function of a determination of California state government acting within the proper scope of its jurisdiction and eligibility cannot be litigated in this court except on review of the agency decision. Moreover, this court could not resolve a 17200 issue on this topic

without making a benefit eligibility decision and that function lies within the Unemployment Appeals Board's jurisdiction.

Finally,17200 cannot provide the relief Plaintiff seeks here.  If Defendants failed to pay employment taxes on Plaintiff's behalf, if anyone has been short changed, it is the Unemployment Insurance Trust Fund.  17200 entitles a successful litigant to restitutionary relief, and there is no equitable justification for directing Defendants to pay Plaintiff any amount measured by unemployment taxes.

Likewise, it would be inappropriate to compel Defendants to make payments to the Plaintiff pursuant to 17200 based upon speculative potential claims for unemployment benefits.  As noted above, there are expert governmental agencies whose specific authority includes making benefit determination and eligibility decisions and those decisions are independent of whether appropriate employer contributions are made.  Allowing Plaintiff to litigate those types of benefit claims in this court under the guise of 17200 violates the jurisdiction of the Unemployment Compensation Appeals Board.

Thus, this claim fails as a matter of law and should be dismissed with prejudice in Defendants' favor.

**G.** **Plaintiff is not Entitled to Summary Judgment on Defendants' Affirmative Defense that Plaintiff is Not Disabled.**

Whether or not Plaintiff was disabled (that is, limited in a major life activity by a physical or mental condition) is a disputed fact.  *See supra* § III.B.1

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment should be denied.

DATED:  June 12, 2017

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  /s/ Laura D. Heckathorn
　　　W. Chris Harrison (*pro hac vice*)
　　　Laura D. Heckathorn
　　　Zachary W. Hoyt (*pro hac vice*)
Attorneys for Defendants
VIA PRODUCTIONS, LLC and
DUFRESNE SPENCER GROUP, LLC

1
2   30137192.1
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28