LAURA D. HECKATHORN, CA Bar No. 228861
laura.heckathorn@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

*[Additional Counsel on Following Page]*

Attorneys for Defendants
VIA Productions, LLC and Dufresne Spencer Group, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSS PURSLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VIA PRODUCTIONS, LLC, a Tennessee Limited Liability Company doing business in California; DUFRESNE SPENCER GROUP, LLC, a Delaware Limited Liability Company doing business in California, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:16-cv-03745 RGK(SKx)<br><br>**DEFENDANTS' STATEMENT OF GENUINE ISSUES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Defendants' Opposition to Plaintiff Joss Pursley's Motion for Partial Summary Judgment; Evidentiary Objections; Declaration of Laura D. Heckathorn in Support; Declaration of John Haun in Support; [Proposed] Order]*<br><br>Date:      July 3, 2017<br>Time:      9:00am<br>Place:     255 E. Temple Street<br>             Los Angeles, CA 90012<br>             Courtroom 850<br><br>Complaint Filed: April 26, 2016<br>Trial Date:       September 12, 2017<br>District Judge:   Hon. R. Gary Klausner<br>             Courtroom 850 (Roybal)<br>Magistrate Judge: Hon. Steve Kim |

30136828_1.docx

Case No. 2:16-cv-03745 RGK(SKx)
DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

W. CHRIS HARRISON (*pro hac vice*)
chris.harrison@ogletreedeakins.com
ZACHARY W. HOYT (*pro hac vice*)
zachary.hoyt@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
International Place Tower II
6410 Poplar Avenue, Suite 300
Memphis, TN  38119
Telephone:  901.767.6160
Facsimile:  901.767.7411

*[Additional Counsel for Defendants
VIA Productions, LLC and
Dufresne Spencer Group, LLC]*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

30136828_1.docx

Case No. 2:16-cv-03745 RGK(SKx)

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

**TO PLAINTIFF JOSS PURSLEY AND HER ATTORNEYS OF RECORD:**

In accordance with Local Rule 56-2, Defendants VIA Productions, LLC and Dufresne Spencer Group, LLC (collectively, "Defendants") hereby submit their Response to Plaintiff's Local Rule 56-1 Statement of Genuine Issues in Support of Opposition to Plaintiff's Partial Motion for Summary Judgment..

<u>**DEFENDANTS' RESPONSE TO PLAINTIFF'S**</u>
<u>**STATEMENT OF UNCONTROVERTED FACTS**</u>

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| 1. | Starting in or around February 2013, Plaintiff was an employee of VIA Productions, LLC.<br><br>Morasch Ex. A, (Haun Depo. 40:3-6)<br><br>Morasch Decl. ¶14, Ex. L (Plaintiff's First Set of Requests for Admissions, No. 11)(Ex. M, No Response within 30 days deems a Request as admitted)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶9.<br><br>Morasch Decl. Ex. J, Stipulation of counsel dated May 11, 2017, No. 1 | Disputed in that Defendants returned the response to Request for Admissions within the extended deadline stipulated to by Plaintiff, and Plaintiff has not filed a motion to deem those RFA's as admitted. Otherwise undisputed.<br><br><u>Supporting Evidence:</u><br><br>Hoyt Decl. |
| 2. | Starting in or around February 2013, Plaintiff was an employee of Dufresne Spencer Group.<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶9.<br><br>Pursley Decl. ¶13, Ex. Z (PURS551-559)<br><br>Morasch Decl. Ex. A, (Haun Depo. 140:4-16; 161:12-162:11; 163:22-165:19; 181:20-182:1, Ex. A-20, A-21) | Disputed. None of the facts cited by Plaintiff show that Dufresne Spencer Group was a joint employer of Plaintiff, rather, they merely reflect that Dufresne Spencer Group was a shareholder of and provided various human resources services to VIA Productions. Further disputed in that Defendants returned the response to Request for Admissions within the extended deadline stipulated to by Plaintiff, and Plaintiff has not filed a motion to deem those RFA's as admitted. |

1

Case No. 2:16-cv-03745 RGK(SKx)

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Morasch Decl. Ex. D, (Babian Depo. 109:2-10, Ex. D-7)<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 52:3-22; 56:20-57:6; 69:16-70:18; 77:2-6; 73:14-74:14; Exs. B-18, B-24.)<br><br>Morasch Decl. ¶14, Ex. L (Plaintiff's First Set of Requests for Admissions, No. 11)(Ex. M, No Response within 30 days deems a Request as admitted)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶14. | Supporting Evidence<br><br>Haun Decl. ¶ 17 & 18<br>Hoyt Decl. |
| 3. | Defendants employ more than five persons.<br><br>Morasch Decl. Ex. J, Stipulation of counsel dated May 11, 2017, No. 2 | Undisputed for the purposes of this motion. |
| 4. | Plaintiff was an awesome, loyal, dedicated and hard worker, whose work was important and integral to VIA Production's branding.<br><br>Morasch Decl. Ex. A, (Haun Depo. 40:7-9; 51:8-16; 52:16-24; 89:23-90:13; 95:12-18; 152:21-153:6; 166:19-22, Ex. A-19)<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 29:23-30:1)<br><br>Morasch Decl. Ex. C, (Whitney Depo. 13:17-14:1; 14:15-17; 26:17-19; 37:22-38:3)<br><br>Morasch Decl. Ex. D, (Babian Depo. 26:19-27:9; 62:15-64:4; 66:22-67:4; 73:12-23; Ex. D-2; Ex.D-3)<br><br>Strodtbeck Decl. ¶4, 5, 12<br><br>Morasch Decl. Ex. R, (D737; D956; D1044; D1062; D1242; D1631-32; D1647; D1829; D1859) | Disputed. Plaintiff produced good quality work, but was sometimes slow, undependable, and difficult to work with.<br><br>Supporting Evidence:<br>Whitney Depo 14:2-8<br>Haun Depo 41:13-25, 42:1-25, 43:1-25, 44:1-25, 45:1-25, 46:11-25, 47:1-18, 48:12-25, 49:1-25, 50:1-25, 51:1-4.<br><br>Schaffler Depo 30:4-25, 1:6 |

2

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| 5. | Plaintiff has persistent depressive disorder.<br><br>Lebe Decl. ¶4-6<br><br>Morasch Decl. Ex. E, (Pursley Depo. 76:8-19; 77:2-9; 108:22-110:12, 234:14-248:6; 253:12-263:24; 273:23-278:7; 278:15-280:20) | Disputed. Dr. Lebe's declaration does not contain this diagnosis, there is no other competent expert testimony in the record to establish this contention, and Defendants have been unable to complete discovery on these issues due to Plaintiff's obstruction. |
| 6. | Plaintiff suffers from severe anxiety.<br><br>Lebe Decl. ¶4-6<br><br>Morasch Decl. Ex. A, (Haun Depo. 62:22-24; Ex. A-19, pages 3 and 6)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 19:19-24; 76:8-19; 77:2-9; 84:4-22; 85:6-23; 108:22-110:12; 234:14-248:6; 253:12-263:24; 273:23-278:7; 278:15-280:20) | Disputed. Dr. Lebe's declaration does not contain this diagnosis, there is no other competent expert testimony in the record to establish this contention, and Defendants have been unable to complete discovery on these issues due to Plaintiff's obstruction. |
| 7. | During Plaintiff's employment with Defendants, Plaintiff sought medical treatment for her depression and anxiety.<br><br>Morasch Decl. Ex. A, (Haun Depo. 61:24-25, 62:1-4)<br><br>Lebe Decl. ¶4-6<br><br>Morasch Decl. Ex. E (Pursley Depo. 49:20-23; 51:7-55:12; 76:8-19; 77:2-9; 80:4-18; 82:18-83:25; 175:4-16; 234:14-248:6; 253:12-263:24; 273:23-278:7; 278:15-280:20) | Undisputed for the purposes of this motion |
| 8. | Plaintiff has a disability as recognized under Cal. Gov't Code §12926(j).<br><br>Morasch Decl. ¶14, Ex. L, (Plaintiff's Requests for Admissions, No. 5)(Ex. M, No Response within 30 Days deems Request Admitted)<br><br>Lebe Decl. ¶4-6 | Disputed, This is a legal conclusion and not a fact. Further disputed in that Defendants returned the response to Request for Admissions within the extended deadline stipulated to by Plaintiff, and Plaintiff has not filed a motion to deem those RFA's as admitted. Otherwise Undiisputed for the purposes of this motion.<br><br>Supporting Evidence: |

3

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | | Hoyt Decl. |
| 9. | From approximately late summer or early fall of 2013, to January 18, 2016, Plaintiff worked remotely for Defendants.<br><br>Morasch Decl. Ex. A, (Haun Depo. 54:25, 55:1-9; 63:13-64:9)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 39:2-21)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶9. | Undisputed as to VIA, disputed that DSG was a joint employer.<br><br>Supporting Evidence:<br>Haun Decl. ¶ 19 |
| 10. | In or around March 2014, Plaintiff moved to California, and worked remotely for Defendants.<br><br>Morasch Decl. Ex. E (Pursley Depo. 39:2-7) | Undisputed as to VIA, disputed that DSG employed plaintiff.<br><br>Supporting Evidence:<br>Haun Decl. ¶19 |
| 11. | Plaintiff's anxiety and depression substantially limits her ability to work in an office.<br><br>Morasch Decl. Ex. E, (Pursley Depo. 52:13-24; 76:8-19; 77:2-9; 80:4-18; 82:18-83:25; 88:9-13; 108:8-110:12; 146:8-147:12; 150:11-23; 175:4-16; 234:24-248:6; 253:12-263:24; 273:23-278:7; 278:15-280:20<br><br>Lebe Decl. ¶4-6 | Disputed. Other than Plaintiff's self-serving testimony there is no evidence of this in the record. Dr. Lebe's declaration cited by Plaintiff does not indicate that Plaintiff had anxiety or depression.  Furthermore, Plaintiff has blocked discovery on these issues, and Defendants have been prevented from obtaining relevant facts that could rebut this assertion.<br><br>Supporting Evidence:<br>Haun Decl. ¶ 25 & 27<br><br><br>Pursley Depo, 226:2-229:23, 231:1-232:23, 234:1-25<br><br>56(d) objection |
| 12. | John Haun is the President of VIA Productions, LLC.<br><br>Morasch Decl. Ex. A, (Haun Depo. | Undisputed |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | 9:25-10:1)<br><br>Morasch Decl. Ex. J, Stipulation of counsel dated May 11, 2017, No. 3 | |
| 13. | John Haun knew of Plaintiff's depression.<br><br>Morasch Decl. Ex. A, (Haun Depo. 39:15-25; 60: 9-62:19; 155:12-20)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 115:20-119:8; 273:23-278:7) | Undisputed for the purposes of this motion. |
| 14. | John Haun knew of Plaintiff's anxiety.<br><br>Morasch Decl. Ex. A, (Haun Depo. 60:20-61:1; 105:4-18; 149:14-150:5; 155:12-20; 157:4-13; 166:23-25, Ex. A-19, at P648)<br><br>Morasch Decl. Ex. D, (Babian Depo. 101:13-102:5)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 105:16-107:14; 108:8-110:12; 115:20-119:8; 144:16-145:20; 159:20-160:1; 170:13-171:18; 273:23-278:7) | Disputed in that Haun may have known Plaintiff had feelings of anxiety, but had no knowledge Plaintiff had any anxiety related disorders.<br>Supporting Evidence:<br>Haun Depo 39:15-25, 60:9-19, 62:20-24, 104:16-22 |
| 15. | John Haun knew Plaintiff was seeing a doctor.<br><br>Morasch Decl. Ex. A, (Haun Depo. 61:24-62:19; 77:24-78:5)<br><br>Morasch Decl. Ex. D, (Babian Depo. 32:23-33:13)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 108:8-110:12)<br><br>Morasch Decl. Ex. J, Stipulation of counsel dated May 11, 2017, No. 4 | Undisputed for the purposes of this motion. |
| 16. | Plaintiff told John Haun that going into the office is extremely frightening and induces anxiety attacks. | Disputed. None of the citations to Haun's deposition support Plaintiff's contention. Haun's testimony indicates he believed Plaintiff was anxious about going into the office |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Morasch Decl. Ex. E, (Pursley Depo. 105:9-106:4; 108:8-110:12; 144:16-145:20; 159:20-160:1)<br><br>Morasch Decl. Ex. A, (Haun Depo. 62:20-63:6; 105:10-18; 157:4-13) | because of how she may be perceived by co-workers during her transition from male to female, not due to any mental disorders or "anxiety attacks."<br><br>Supporting Evidence:<br>Haun Depo 37:14-25, 38:1-25, 39:1-25, 72:8-25, 73:1-8; 104:16-22 |
| 17. | During Plaintiff's employment with Defendants, Matthew Whitney was the Vice President of VIA Productions, LLC.<br><br>Morasch Decl., Ex. C (Whitney Depo. 27:4-5)<br><br>Morasch Decl. Ex. J, Stipulation of counsel dated May 11, 2017, No. 5 | Undisputed |
| 18. | Matthew Whitney knew Plaintiff could not work in an office due to anxiety.<br><br>Morasch Decl. Ex. C, (Whitney Depo. 19:3-25; 20:22-21:6;<br><br>Morasch Decl. Ex. E, (Pursley Depo. 144:16-145:20; 159:20-160:1; 173:19-175:16) | Disputed<br><br>Supporting Evidence:<br>Whitney Depo 15:13-17; 20:22-25, 21:1; 21:7:9 |
| 19. | Matthew Whitney knew Plaintiff had depression<br><br>Morasch Decl. Ex. C, (Whitney Depo. 15:18-23; 20:18-19)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 151:20-160:1) | Undisputed for the purposes of this motion, but irrelevant since Whitney only knew about Plaintiff's depression after the decisions regarding Plaintiff's desire to work from home were made, there is no evidence that Whitney was involved in any of the decision making in this case, and Whitney did not tell anyone about Plaintiff's depression.<br><br>Supporting Evidence:<br>Whitney Depo 15:18-23<br><br>Whitney Depo 25:18-21<br><br>Whitney Depo 32:4-10 |

Case No. 2:16-cv-03745 RGK(SKx)

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| 20. | Matthew Whitney knew Plaintiff was seeing a therapist.<br><br>Morasch Decl. Ex. C, (Whitney Depo. 15:10-12; 15:18-23; 20:18-19) | Undisputed for the purposes of this motion |
| 21. | During Plaintiff's employment with Defendants, one of Plaintiff's Supervisors, Chad Schaffler was the Executive Producer at VIA Productions, LLC.<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 8:19-20; 12:1-15)<br><br>Morasch Decl. Ex. J, Stipulation of counsel dated May 11, 2017, No. 6 | Undisputed |
| 22. | Chad Schaffler knew that Plaintiff had anxiety about working in an office.<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 34:12-35:11; 33:14-24)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 128:19-130:11; 131:12-132:5; 144:16-145:20; 159:3-160:1; 163:19-166:17; 173:19-175:16) | Disputed in so far as it insinuates anxiety as a mental disorder/disability rather than a general, non-disabling feeling.<br><br>Supporting Evidence:<br><br>Schaffler Depo 34:6-25; 46:7-18; 51:15-22 |
| 23. | Chad Schaffler knew Plaintiff was seeing a doctor weekly.<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 34:12-35:11)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 128:19-130:1; 131:12-132:5) | Undisputed, but irrelevant since Schaffler did not know why Plaintiff was seeing a doctor.<br><br>Supporting Evidence:<br><br>Schaffler Depo 34:15-20 |
| 24. | In December 2015 and January 2016, Nathan Babian was a Producer at VIA Productions, LLC in the Los Angeles office.<br><br>Morasch Decl. Ex. D, (Babian Depo. 10:17-21) | Undisputed |
| 25. | Nathan Babian supervises VIA Production, LLC employees. | Undisputed |

Case No. 2:16-cv-03745 RGK(SKx)

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Morasch Decl. Ex. D, (Babian Depo. 10:19-11:18) | |
| 26. | Nathan Babian knew Plaintiff was seeing a doctor.<br><br>Morasch Decl. Ex. D (Babian Depo. 32:7-33:18; 67:25-68:23, and Babian changes to Depo. At 32:25-33:4.) | Undisputed for the purposes of this motion, but irrelevant since Babian did not know why Plaintiff was seeing a doctor.<br><br>Supporting Evidence:<br><br>Babian Depo 67:25, 68:1-19. |
| 27. | Nathan Babian told Chad Schaffler that Plaintiff had anxiety about going into the office.<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 51:8-22;)<br><br>Morasch Decl. Ex. D, (Babian Depo. 32:7-23) | Disputed. Plaintiff's own citation specifically refutes this claim. Babian stated Plaintiff mentioned she was "anxious" but not that she "had anxiety." The conversation had to do with a general "being uncomfortable around other people and not feeling like she would be as productive" and not with a disabling anxiety attack.<br><br>Supporting Evidence<br><br>Babian Depo 32:7-22. |
| 28. | Nathan Babian knew John Haun had details about why Plaintiff could not work in an office.<br><br>Morasch Decl. Ex. D, (Babian Depo. 32:7-23; 44:14-45:11; 77:7-80:6) | Undisputed for the purposes of this motion. |
| 29. | Plaintiff told Nathan Babian she had more anxiety than she would have at home if she was required to come work in the office.<br><br>Morasch Decl. Ex. D, (Babian Depo. 24:13-25; 69:24-70:19; 77:7-80:6 and Babian changes at 24:19-21)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 138:13-139:4; 140:2-141:20; 159:20-160:1; 163:19-168:13; 175:4-16) | Undisputed for the purposes of this motion. |

8

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Morasch Decl. Ex. B, (Schaffler Depo. 51:8-22)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶24. | |
| 30. | Nathan Babian told John Haun and Chad Schaffler that Plaintiff had anxiety.<br><br>Morasch Decl. Ex. D, (Babian Depo. 25:1-13) | Disputed, in that Babian's testimony cited by Plaintiff does not show that Plaintiff had general "anxiety" as in a disorder, but that Plaintiff had anxious feelings about coming into an office. |
| 31. | In approximately summer of 2015, Chad Schaffler started asking Plaintiff if she wanted to come and work in the Los Angeles office.<br><br>Morasch Decl. Ex. E, (Pursley Depo. 111:4-112:18; 144:16-145:20; 169:6-170:2)<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 32:15-33:8; 46:19-47:10)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶27.<br><br>Strodtbeck Decl. ¶6 | Undisputed for the purposes of this motion |
| 32. | In approximately summer of 2015, Nathan Babian started asking Plaintiff if she wanted to come and work in the Los Angeles office.<br><br>Strodtbeck Decl. ¶6<br><br>Morasch Decl. Ex. E, (Pursley Depo. 111:4-:112:18; 143:22-145:20; 169:6-170:2) | Undisputed for the purposes of this motion |
| 33. | Plaintiff told John Haun that when people asked her to come into the office, these questions caused Plaintiff anxiety.<br><br>Morasch Decl. Ex. A (Haun Depo. 36:21-38:25; 79:23-80:12) | Undisputed for the purposes of this motion |

9

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Morasch Decl. Ex. E, (Pursley Depo. 105:9-106:4; 169:6-170:5) | |
| 34. | John Haun never told Nathan Babian or Chad Schaffler to stop asking Plaintiff to come and work in the office.<br><br>Morasch Decl. Ex. A (Haun Depo. 78:16-19; 79:9-12.) | Undisputed |
| 35. | On December 5, 2015, Plaintiff attended VIA's office Christmas party in Memphis.<br><br>Morasch Decl. Ex. A., (Haun Depo. 80:17-81:20)<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 44:1-3)<br><br>Morasch Decl. Ex. C, (Whitney Depo. 27:24-25)<br><br>Morasch Decl. Ex. D, (Babian Depo. 97:14-25) | Undisputed |
| 36. | At the office Christmas party, some of Defendants' employees noticed Plaintiff was wearing make-up, had longer hair, and her nails were polished.<br><br>Morasch Decl. Ex. A., (Haun Depo. 80:17-81:20)<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 44:1-3)<br><br>Morasch Decl. Ex. C, (Whitney Depo. 27:24-25)<br><br>Morasch Decl. Ex. D, (Babian Depo. 97:14-25) | Undisputed for the purposes of this motion |
| 37. | After the December 5, 2015 Christmas party, in December 2015 Defendants informed Plaintiff that if she wanted to continue to be an employee of Defendants, that she would be required to work set hours | Disputed<br><br>The e-mail cited by Plaintiff does not indicate that Plaintiff would no longer be an employee with VIA |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | in the Los Angeles office.<br><br>Morasch Decl. Ex. A, (Haun Depo. 88:20-90:6; 92:9-17; 94:2-23, Ex. A-4)<br><br>Morasch Decl. Ex. D, (Babian Depo. 34:9-35:14; 69:20-70:20; 75:6-16; 82:20-83:8; 83:23-84:14; Ex. D-3, D-4)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 127:24-128:3; 157:20-24; 169:6-15; 178:3-179:7; 183:6-16; 190:16-191:24, and Ex.E-2; E-3; E-6)<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 41:1-42:21; 52:3-54:11; and Exs. B-10, B-23 | (Plaintiff was not a DSG employee in December 2015 or thereafter) if she did not accept the offer. When Plaintiff rejected the offer, VIA began to create a new position for her that would allow her to work from home.<br><br>Supporting Evidence:<br>Morasch Decl. Ex. A (Haun Depo., Ex.A-4.)<br><br>Whitney Depo 19:13-25<br><br>Haun Depo 91:6-24, 106:19-26, 107:1-7 |
| 38. | John Haun knew that Plaintiff would not accept Defendants' "offer" to come work in the office.<br><br>Morasch Decl. Ex. D, (Babian Depo. 33:5-13) | Disputed.<br>Calls for speculation, no direct testimony of personal knowledge on the issue. |
| 39. | In January 2016, Defendants removed Plaintiff from working on the two largest accounts Plaintiff had traditionally worked on.<br><br>Morasch Decl. Ex. A (Haun Depo. 126:18-127:9)<br><br>Morasch Decl. Ex. D, (Babian Depo. 36:17-41:16; 42:1-12; 73:12-23) | Disputed. Plaintiff continued to work on these accounts until a new position could be created for her.<br><br>Supporting Evidence:<br>Haun Depo 110:2-10. |
| 40. | Nathan Babian told John Haun that Plaintiff "did not want to come into the office to work in the office because she felt she would have anxiety and wouldn't be able to create the spots in the office environment"<br><br>Morasch Decl. Ex. D, (Babian Depo. 25:1-13) | Undisputed for the purposes of this motion. |
| 41. | On December 22, 2015, Chad Schaffler wrote an email to Nathan | Undisputed for the purposes of this motion. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Babian saying, "Well. Not surprising, but too bad. I just don't know what job you find where you never have to spend time working in an office or dealing with people. It's going to be a long road for him. Doh!"<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 48:24-49:8, and Ex. B-6 (DEF502)) | |
| 42. | Tom Strodtbeck worked for VIA Productions, LLC for approximately six years.<br><br>Strodtbeck Decl. Para. 2 | Undisputed for the purposes of this motion. |
| 43. | Tom Strodtbeck was Plaintiff's supervisor in the year 2015.<br><br>Strodtbeck Decl. Para. 3<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 12:1-15) | Undisputed for the purposes of this motion |
| 44. | Tom Strodtbeck had known about Plaintiff's depression and anxiety for years.<br><br>Strodtbeck Decl. Paras. 7-8<br><br>Morasch Decl. Ex. E, (Pursley Depo. 144:16-145:20) | Undisputed for the purposes of this motion |
| 45. | Tom Strodtbeck knew Plaintiff could not work in the office, and needed to work from Plaintiff's home due to her severe social anxiety and depression.<br><br>Strodtbeck Decl. Para. 7<br><br>Morasch Decl. Ex. E, (Pursley Depo. 159:160:1) | Undisputed for the purposes of this motion |
| 46. | Tom Strodtbeck never shared Plaintiff's anxiety and depression with anyone else at VIA.<br><br>Strodtbeck Decl. Paras. 7-8 | Undisputed for the purposes of this motion |

Case No. 2:16-cv-03745 RGK(SKx)

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| 47. | Several times, Chad Schaffler asked Tom Strodtbeck why Plaintiff would not agree to come into the office to work.<br><br>Strodtbeck Decl. Para. 8 | Undisputed for the purposes of this motion. |
| 48. | Tom Strodtbeck did not want to invade Plaintiff's privacy, so Mr. Strodtbeck shrugged off Chad Schaffler's questions about why Plaintiff did not want to come into the office.<br><br>Strodtbeck Del. Para. 8 | Undisputed for the purposes of this motion |
| 49. | Lauren Hallum was Plaintiff's supervisor.<br><br>Morasch Decl. Ex. D, (Babian Depo. 70:21-24; 96:5-12)<br><br>Morasch Decl. Ex. B, (Schaffler 35:19-21) | Disputed. Plaintiff's citations do not support this statement, but instead indicate that Hallum was a coordinator, not a supervisor. Coordinators are in charge of assigning projects, but do not supervise the work being done.<br><br><u>Supporting Evidence:</u><br>Babian Depo, 70:21-24, 96:5-12, 96:2-12. |
| 50. | Lauren Hallum knew Plaintiff had a standing doctor's appointment<br><br>Morasch Decl. Ex. D, (Babian Depo. 68:6-23) | Undisputed, but irrelevant since Hallum did not know what this appointment was for. |
| 51. | Lauren Hallum told Nathan Babian that Plaintiff had a doctor's appointment on Tuesdays.<br><br>Morasch Decl. Ex. D, (Babian Depo. 68:6-23) | Undisputed for the purposes of this motion |
| 52. | Nathan Babian never asked Plaintiff for a doctor's note.<br><br>Morasch Decl. Ex. D, (Babian Depo. 25:25-26:10)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 145:21-146:3) | Undisputed for the purposes of this motion |

Case No. 2:16-cv-03745 RGK(SKx)

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶49. | |
| 53. | Nathan Babian did not do an analysis on what type of burden it would cause VIA Productions, LLC to allow Plaintiff to continue to work from home.<br><br>Morasch Decl. Ex. D, (Babian Depo. 25:25-26: 18; 77:2-79:21; 86:11-87:9; Ex. D-4)<br><br>Morasch Decl. Ex. H, (VIA Production's Supplemental Responses to Requests for Production of Documents, No. 13) | Disputed. Babian analyzed whether Plaintiff could perform her duties for her current clients while working from home and determined that the commercial work for these clients had to be done out of the Los Angeles office.<br><br>Supporting Evidence:<br>Babian Depo 39:3-41:16, 70:9-12, |
| 54. | Chad Schaffler never asked Plaintiff for a doctor's note.<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 35:13-14)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 145:21-146:3)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶49. | Undisputed for the purposes of this motion |
| 55. | John Haun never asked Plaintiff for a doctor's note.<br><br>Morasch Decl. Ex. A, (Haun Depo. 66:17-19)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 145:21-146:3)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶49. | Undisputed for the purposes of this motion |
| 56. | John Haun never spoke with Human Resources concerning whether Plaintiff needed to be accommodated.<br><br>Morasch Decl. Ex. A, (Haun Depo. | Undisputed for the purposes of this motion |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | 66:20-23) | |
| 57. | John Haun never told anyone that Plaintiff had a disability that needed to be accommodated.<br><br>Morasch Decl. Ex. A (Haun Depo. 66:24-67:8)<br><br>Morasch Decl. Ex. D, (Babian Depo. 49:11-13) | Undisputed for the purposes of this motion |
| 58. | John Haun never told Nathan Babian or Chad Schaffler that Plaintiff had a condition where she could not work in an office.<br><br>Morasch Decl. Ex. A (Haun Depo. 67:5-8) | Undisputed for the purposes of this motion |
| 59. | Plaintiff requested to continue to work from home, instead of coming into the office.<br><br>Morasch Decl. Ex. A, (Haun Depo. 36:21-38:25; 63:13-64:9; 69:3-70:22; 104:1-6; 105:4-18; 105:25-106:23)<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 38:21-39:1; 50:14-19)<br><br>Morasch Decl. Ex. C, (Whitney Depo. 19:3-25)<br><br>Morasch Decl. Ex. D, (Babian Depo. 77:25-79:21; 86:11-87:9; Ex. D-4)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 105:9-107:14; 169:6-171:18; 178:3-179:7)<br><br>Morasch Decl. Ex. F, (DSG's Responses to Plaintiff's Interrogatories, Responses to Form Interrogatories: Form 25 (204.3), 26 (204.4), 27 (204.6); Responses to Special Interrogatories 16, 17, 18)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶27, 34. | Undisputed |

Case No. 2:16-cv-03745 RGK(SKx)

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| Q | Defendants allowed the following individuals to work remotely: Nathan Babian, Sam Blythe, Lauren Hallum, Sarah Orellana and Heather Nelson.<br><br>Morasch Decl. Ex. A, (Haun Depo. 96:9-97:10)<br><br>Morasch Decl. Ex. D, (Babian Depo. 19:6-19; 22:10-11; 70:21-71:17)<br><br>Morasch Decl. Ex. G (VIA Productions, LLC's Supplemental Responses to Plaintiff's Interrogatories, No. 13)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 90:20-91:25; 186:18-187:5)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶84, 92. | Undisputed, but irrelevant as there is nothing in the record showing these parties are true comparators. |
| 61. | After Plaintiff's termination, Nathan Babian began to work remotely.<br><br>Morasch Decl. Ex. G (VIA Productions, LLC's Supplemental Responses to Plaintiff's Interrogatories, No. 13)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶84, 92. | Undisputed, but irrelevant as there is no evidence that Babian worked in a comparable role as Plaintiff while working remotely. |
| 62. | After Plaintiff's termination, Defendants' employee, Sam Blythe, took over some of Plaintiff's former job duties while working remotely.<br><br>Morasch Decl. Ex. A, (Haun Depo. 96:9-97:10) | Disputed. The portions of the deposition Plaintiff cites to for this statement do not support her claim and specifically indicate that Sam Blythe is <u>not</u> part of the L.A. team and did not perform the same job as Plaintiff. Further, there is no evidence in the record that Sam Blythe was a DSG employee.<br><br><u>Supporting Evidence</u>:<br><br>Haun Depo 96:9-12 |

Case No. 2:16-cv-03745 RGK(SKx)

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | | Haun Depo 96:19-24 |
| 63. | After Plaintiff's termination, Defendants allowed Sam Blythe to work remotely.<br><br>Morasch Decl. Ex. A, (Haun Depo. 96:9-97:10) | Disputed as there is no evidence in the record that Sam Blythe was a DSG employee. Otherwise undisputed, but irrelevant for the reasons stated above. |
| 64. | Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to continue to perform the essential job requirements.<br><br>Pursley Decl. ¶6<br><br>Morasch Decl. Ex. A, (Haun Depo. 98:5-9; 112:4-114:22, Ex. A-10, A-12, A-13)<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 64:17-22; Ex. B-23)<br><br>Morasch Decl. Ex. D, (Babian Depo. 65:23-66:1)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 196:5-197:9, Exs. E-6, E-8, E-10) | Disputed. Nathan Babian offered Plaintiff numerous accommodations but she would not accept any changes to her job unless she was able to continue working from home or VIA doubled her salary.<br><br>Supporting Evidence:<br>Babian Depo 43:1-14. |
| 65. | Defendants did not interpret Plaintiff's requests to work from home as accommodation requests.<br><br>Morasch Decl. Ex. A, (Haun Depo. 64:17-66:16)<br><br>Morasch Decl. Ex. D, (Babian Depo. 34:9-35:14; 77:25-79:21; 86:11-87:9; 102:6-103:3)<br><br>Morasch Decl. Ex. F, (DSG's Responses to Plaintiff's Interrogatories, Responses to Form 25 (204.3), 26 (204.4), 27 (204.6); Response to Special Interrogatory 12, 16, 17, 18)<br><br>Morasch Decl. Ex. G (VIA Productions, LLC's Supplemental | Disputed that DSG ever had knowledge of Plaintiff's requests to work from home.  Undisputed for the purposes of this motion as to VIA Productions. |

17

Case No. 2:16-cv-03745 RGK(SKx)

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Responses to Plaintiff's First Interrogatories, No. 28 (form 204.7))<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶13. | |
| 66. | Defendants did not take any steps to accommodate Plaintiff.<br><br>Morasch Decl. Ex. F, (DSG's Responses to Plaintiff's Interrogatories, Form 25 (204.3), 26 (204.4), 27 (204.6) Response to Special Interrogatory 12, 16, 17, 18)<br><br>Morasch Decl. Ex. G (VIA Productions, LLC's Supplemental Responses to Plaintiff's First Interrogatories, Special Interrogatory Nos. 16, 17 and 18)<br><br>Morasch Decl. Ex. H (Via Productions, LLC's First Supplemental Responses to Requests for Production of Documents, No. 6)(No documents produced in response to attempts to accommodate Plaintiff)<br><br>Morasch Decl. Ex. A, (Haun Depo. 59:8-13; 64:17-66:16; 100:13-102:10; 112:4-114:5; 135:20-23, Ex. A-10, Ex. A-12)<br><br>Morasch Decl. Ex. C, (Whitney Depo. 37:9-11)<br><br>Morasch Decl. Ex. D, (Babian Depo. 34:9-35:14; 53:3-11; 77:25-79:21; 86:11-87:9; 102:6-103:3)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶13. | Disputed. Defendants offered Plaintiff a private office, flexible work hours, and other possible solutions to soothe her unease about coming into an office, ultimately creating an entirely new position that would allow her to work from home. Also disputed that DSG was an employer of Plaintiff.<br><br><u>Supporting Evidence</u><br>Babian Depo 25:14-24, 42:19-25, 43:1-18, 76:1-22<br><br>Whitney Depo 19:13-25<br><br>Haun Depo 91:6-24, 106:19-25, 107:1-7, 110:2-10, 115:17-25, 116:1-2, 119:10-25, 127:4-21 |
| 67. | Defendants did no investigation into whether allowing Plaintiff to continue working remotely would require Defendants to fundamentally alter their business. | Disputed in that there are no facts in the record that DSG was Plaintiff's employer.  Further disputed in that VIA analyzed whether it was necessary for Plaintiff to perform her duties in the L.A. office and |

18

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Morasch Decl. Ex. A (Haun Depo. 135:20-23)<br><br>Morasch Decl. Ex. D, (Babian Depo. 34:9-35:14; 77:25-79:21; 86:11-87:9; 102:6-103:3)<br><br>Morasch Decl. Ex. G (VIA Productions, LLC's Supplemental Responses to Plaintiff's First Interrogatories, Special Interrogatory No. 19) | determined that it was necessary.<br><br>Supporting Evidence: Babian Depo 39:3-41:16, 70:9-12 |
| 68. | Defendants did no investigation into what financial impact on Defendants would be caused by Plaintiff continuing to work from home<br><br>Morasch Decl. Ex. G (VIA Productions, LLC's Supplemental Responses to Plaintiff's First Interrogatories, Special Interrogatory No. 19) | Disputed in that there are no facts in the record that DSG was Plaintiff's employer.  Further disputed in that VIA analyzed whether it was necessary for Plaintiff to perform her duties in the L.A. office and determined that it was necessary.<br><br>Supporting Evidence: Babian Depo 39:3-41:16, 70:9-12 |
| 69. | After terminating Plaintiff's work on VIA Productions, LLC's HCH account, VIA made less money from HCH.<br><br>Morasch Decl. Ex. A, (Haun Depo. 183:12-184:7 )<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 58:11-59:7)<br><br>Morasch Decl. Ex. D, (Babian Depo. 85:13-86:10) | Undisputed, but irrelevant. |
| 70. | It would not have caused Defendants an undue financial burden to allow Plaintiff to continue to work from home.<br><br>Morasch Decl. Ex. G (VIA Productions, LLC's Supplemental Responses to Plaintiff's First Interrogatories, Special Interrogatory No. 19, 20)<br><br>Morasch Decl. Ex. H (VIA | Disputed in that there are no facts in the record that DSG was Plaintiff's employer.  Further disputed in that VIA analyzed whether it was necessary for Plaintiff to perform her duties in the L.A. office and determined that it was necessary.<br><br>Supporting Evidence: Babian Depo 39:3-41:16, 70:9-12 |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
|  | Productions LLC's Supplemental Responses to Plaintiff's First Request for Documents, No. 13, 14) |  |
| 71. | Defendants never engaged in the interactive process with Plaintiff.<br><br>Morasch Decl. Ex. F, (DSG's Responses to Plaintiff's Interrogatories, Form 25 (204.3), 26 (204.4), 27 (204.6); Response to Special Interrogatory 12, 16, 17, 18)<br><br>Morasch Decl. Ex. G (VIA's Supplemental Responses to Interrogatories, No. 16, 17, 18, 19, 20)<br><br>Morasch Decl. ¶14, Ex. L, (Plaintiff's First Set of Requests for Admissions, No. 10)( Ex. M, No response within 30 days deems the Requests as admitted)<br><br>Morasch Decl. Ex. A, (Haun Depo. 64:17-66:23; 112:4-114:22; 135:20-23, Ex. A-13)<br><br>Morasch Decl. Ex. T, (Defendants' 767-68; 786-87; 791, 936; | Disputed. First, DSG was not an employer of Plaintiff. Further, although VIA was unaware that Plaintiff was disabled, VIA nevertheless met with Plaintiff regarding her objections to the requirement to come into the office and tried to come up with modifications to her job that would satisfy her concerns. VIA offered Plaintiff a private office, flexible work hours, and other possible solutions to soothe her unease about coming into an office, ultimately creating an entirely new position that would allow her to work from home. Further disputed in that Defendants returned the response to Request for Admissions within the extended deadline stipulated to by Plaintiff, and Plaintiff has not filed a motion to deem those RFA's as admitted. Otherwise undisputed.<br><br><u>Supporting Evidence</u><br><br>Babian Depo 25:14-24, 42:19-25, 43:1-18, 76:1-22<br><br>Whitney Depo 19:13-25<br><br>Haun Depo 91:6-24, 106:19-25, 107:1-7, 110:2-10, 115:17-25, 116:1-2, 119:10-25, 127:4-21<br><br>Hoyt Decl. |
| 72. | Defendants terminated Plaintiff in part because Plaintiff would not work in the office.<br><br>Morasch Decl. Ex. A, (Haun Depo. 135:4-19, Exs. A-4; A-10, A-17)<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 59:15-62:4, Ex. B-11.)<br><br>Morasch Decl. Ex. C, (Whitney Depo. 19:3-25) | Disputed. DSG was not an employer of Plaintiff.  Further, VIA began creating a new remote position for Plaintiff after she refused to work in an office, but ultimately terminated her before that position was finalized due to her refusal to work on certain projects in the interim.<br><br><u>Supporting Evidence</u>: |

Case No. 2:16-cv-03745 RGK(SKx)
DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Morasch Decl. Ex. D, (Babian Depo. 34:9-35:14; 77:25-79:21; 86:11-87:9; 102:6-103:3)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 111:24:-112:3; 269:25-271:10 and Exs. E-2, E-11)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶45. | Schaffler Depo 67:11-25, 68:1-13 |
| 73. | While Plaintiff was employed, Defendants did not provide any anti-discrimination training to their officers, directors, managers or supervisors.<br><br>Morasch Decl. Ex. H, VIA Productions, LLC's Supplemental Response to Plaintiff's Request For Documents, No. 12<br><br>Morasch Decl. Ex. A, (Haun Depo. 15:1-5)<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 12:16-13:5; 16:19-20; 22:5-8)<br><br>Morasch Decl. Ex. C, (Whitney Depo. 11:14-25)<br><br>Morasch Decl. Ex. D, (Babian Depo. 23:5-18)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 273:23-278:7)<br><br>Morasch Decl. Ex. G, (VIA's Supplemental Responses to Plaintiff's Interrogatories, No. 14) | Disputed in that DSG was not an employer of Plaintiff. Undisputed as to VIA for the purposes of this motion, but irrelevant as VIA's officers, directors, managers and supervisors were aware that they could not discriminate against their employees based on disability, sexual orientation, gender identity, or for taking sick leave.<br><br>Supporting Evidence:<br>Haun Depo 17:6—16, 19:17-25.<br>Babian Depo 48:11-14<br>Schaffler Depo 15:24-25, 16:1-6, 18:14-25, 19:1-5, 21:21:23 |
| 74. | At the time of Plaintiff's employment, Defendants had no policies, procedures or protocols which were to be followed when an employee with a disability requested accommodation.<br><br>Morasch Decl. Ex. A, (Haun Depo. 15:18-16:17; 64:17-66:23; Ex. A-1) | Undisputed for the purposes of this motion |

21

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Morasch Decl. Ex. G, (VIA Productions, LLC's Supplemental Response to Plaintiff's Interrogatories, No. 12)<br><br>Morasch Decl. Ex. H, (VIA Productions, LLC's Supplemental Response to Plaintiff's Request For Documents, No. 7)<br><br>Morasch Decl. Ex. I, (Pages of Defendants' Employee Handbook which Defendant identified in Ex. H, as having "policies and/or procedures" for employees requesting accommodation at 335-336; 337-338 and 339-340) | |
| 75. | Nathan Babian is not familiar with the phrase, "engage in the interactive process"<br><br>Morasch Decl. Ex. D, (Babian Depo. 23:19-24) | Undisputed, but irrelevant since Babian knows VIA is required to accommodate its employees' disabilities.<br><br>Supporting Evidence:<br>Babian Depo: 24:8-12 |
| 76. | Nathan Babian is not familiar with the phrase "reasonable accommodation request"<br><br>Morasch Decl. Ex. D, (Babian Depo. 23:19-24) | Undisputed but irrelevant since Babian knows VIA is required to accommodate its employees' disabilities.<br><br>Supporting Evidence:<br>Babian Depo: 24:8-12 |
| 77. | Chad Schaffler is not familiar with the phrase "interactive process"<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 13:6-8) | Undisputed but irrelevant since Schaffler knows that VIA has to work with its employees who have disabilities and engage in a discussion with them to determine ways to make them successful at VIA.<br><br>Supporting Evidence:<br>Schaffler Depo: 13:6-22 |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| 78. | Chad Schaffler believes if an employee wants an accommodation, it is the employee's burden to "disclose a disability"<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 13:23-14:2) | Disputed. Schaffler simply stated the correct test under the law – that VIA had to be aware of a disability in order to accommodate it and that he did not expect an employee to explicitly state they had a disability in order to trigger the interactive process.<br><br>Supporting Evidence:<br><br>Schaffler Depo 14:3-11. |
| 79. | Matthew Whitney does not know what the phrase "interactive process" means.<br><br>Morasch Decl. Ex. C, (Whitney Depo. 12:1-3; 12:12-14) | Undisputed for the purposes of this motion, but irrelevant since Whitney was not involved in any of the allegedly discriminatory actions by VIA. |
| 80. | Matthew Whitney does not know what the phrase, "reasonable accommodation" means.<br><br>Morasch Decl. Ex. C, (Whitney Depo. 12:4-6) | Undisputed for the purposes of this motion, but irrelevant since Whitney was not involved in any of the allegedly discriminatory actions by VIA. |
| 81. | John Haun does not know what "interactive process" means.<br><br>Morasch Decl. Ex. A, (Haun Depo. 15:6-10; 16:18-17:1) | Undisputed, but irrelevant since Haun was familiar that he knew VIA had to devise an accommodation for an employee that needed one.<br><br>Supporting Evidence:<br><br>Haun Depo 15:11-25, 12:1-25. |
| 82. | Defendants agree it is important to document steps taken to accommodate an employee's disability.<br><br>Morasch Decl. Ex. A, (Haun Depo. 17:2-5)<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 15:20-23) | Undisputed for the purposes of this motion |

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| 83. | Defendants have no documents reflecting any attempt to engage in the interactive process with the Plaintiff.<br><br>Morasch Decl. ¶ 10 and Ex. H, (VIA Productions, LLC's Supplemental Response to Request for Documents, No. 15) | Undisputed for the purposes of this motion. |
| 84. | At the time of Plaintiff's employment, Defendants had no policies about providing California employees with three, paid sick days per year.<br><br>Morasch Decl. Ex. D, (Babian Depo. 61:6-10)<br><br>Morasch Decl. Ex. H, (VIA Production, LLC's Supplemental Response to Plaintiff's Request for Production of Documents No. 8)<br><br>Morasch Decl. Ex. G, (VIA Production, LLC's Supplemental Response to Plaintiff's First Interrogatories, No. 23)<br><br>Morasch Decl. Ex. E, (Pursley Depo. 186:3-8)<br><br>Morasch Decl. ¶14, Ex. L, (VIA Production, LLC's Responses to Requests for Admissions, No. 9) (Ex. M, No response within 30 days deems Request is Admitted under F.R.C.P. 36) | Disputed in that Defendants returned the response to Request for Admissions within the extended deadline stipulated to by Plaintiff, and Plaintiff has not filed a motion to deem those RFA's as admitted. Otherwise undisputed for the purposes of this motion.<br><br><u>Supporting Evidence:</u><br>Hoyt Decl. |
| 85. | Defendants did not inform Plaintiff she was entitled to three sick days per year.<br><br>Morasch Decl. ¶14, Ex. L, (Plaintiff's Requests for Admissions, No. 9) (Ex. M, No response within 30 days means Request is Admitted under F.R.C.P. 36)<br><br>Morasch Decl. ¶15, Ex. M (VIA Production, LLC's late Responses to | Disputed in that Defendants returned the response to Request for Admissions within the extended deadline stipulated to by Plaintiff, and Plaintiff has not filed a motion to deem those RFA's as admitted. Otherwise undisputed for the purposes of this motion.<br><br><u>Supporting Evidence:</u><br>Hoyt Decl. |

Case No. 2:16-cv-03745 RGK(SKx)

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Requests for Admissions, No. 9) | |
| 86. | Plaintiff was sick on January 4, 5th and 6th, 2016.<br><br>Pursley Decl.¶ 7<br><br>Morasch Decl. Ex. E, (Pursley Depo. Ex. E-5) | Disputed. Plaintiff self-reported to be sick on these dates, but there are no corroborating records or testimony on the subject. |
| 87. | Plaintiff worked three hours on January 4, 2016.<br><br>Pursley Decl. ¶7<br><br>Morasch Decl. Ex. E, (Pursley Depo. Ex. E-5)<br><br>Ex. N (Defendants'02878, January 4, 2016 timesheet)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶39. | Undisputed that Plaintiff reported working three hours on this date and turned in a project, otherwise disputed as there is no evidence that Plaintiff actually worked on this date. |
| 88. | On January 4, 2016, Plaintiff emailed her supervisor, Lauren Hallum, that Plaintiff felt sick.<br><br>Morasch Decl. Ex. D, (Babian Depo. 56:7-17)<br><br>Morasch Decl. Ex. E, (Pursley Depo. Ex. E-5)<br><br>Morasch Decl. Ex. S, 1839<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶39, 104. | Undisputed |
| 89. | On January 4, 2016, Lauren Hallum acknowledged Plaintiff was sick.<br><br>Morasch Decl. Ex. E, (Pursley Depo. Ex. E-5) | Undisputed for the purposes of this motion |
| 90. | On January 5, 2016, Plaintiff emailed her supervisor, Lauren Hallum, that Plaintiff was sick. | Undisputed for the purposes of this motion |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Morasch Decl. Ex. D, (Babian Depo. 56:7-17)<br><br>Morasch Decl. Ex. E, (Pursley Depo. Ex. E-5)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶39, 104 | |
| 91. | On January 5, 2016, Lauren Hallum acknowledged Plaintiff was sick.<br><br>Morasch Decl. Ex. E, (Pursley Depo. Ex. E-5)<br><br>Morasch Decl. Ex. S, (Defendants'00771, 1839) | Undisputed for the purposes of this motion |
| 92. | On January 5, 2016, Lauren Hallum told Chad Schaffler that Plaintiff was sick.<br><br>Morasch Decl. Ex. S, (Defendants'00771, 1839) | Disputed.<br>Supporting Evidence:<br>Schaffler Depo 19:15-20. |
| 93. | On January 6, 2016, Plaintiff emailed her supervisor, Lauren Hallum, that Plaintiff was sick.<br><br>Morasch Decl. Ex. E, (Pursley Depo. Ex. E-5)<br><br>Morasch Decl. Ex. D, (Babian Depo. 56:7-17)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶39, 104. | Disputed. Lauren Hallum was a project coordinator and not Plaintiff's supervisor.  Coordinators are peers of designers like Plaintiff.<br><br>Supporting Evidence:<br>Babian Depo 96:10-12, 12:3-7. |
| 94. | On January 6, 2016, Lauren Hallum acknowledged Plaintiff was sick.<br><br>Morasch Decl. Ex. E, (Pursley Depo. Ex. E-5) | Undisputed for the purposes of this motion |
| 95. | On January 7, 2016, Chad Schaffler acknowledged Plaintiff had been sick.<br><br>Morasch Decl. Ex. B, (Schaffler | Disputed as this mischaracterizes the exhibit cited by Plaintiff, is not supported by the deposition testimony she cites, and is contradicted by other testimony. |

Case No. 2:16-cv-03745 RGK(SKx)

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Depo. 57:7-11; 67:1-10 and Ex. B-11) <br><br> Morasch Decl. Ex. E, (Pursley Depo. Ex. E-6) | Supporting Evidence: <br> Schaffler Depo 19:15-20 |
| 96. | Defendants terminated Plaintiff in part because Plaintiff missed days of work at the beginning of January 2016. <br><br> Morasch Decl. Ex. B, (Schaffler Depo. 57:7-10; 67:1-10; Ex. B-11, B-17; D756-58) <br><br> Morasch Decl. Ex. E, (Pursley Depo. 206:17-208:8; 269:25-271:10. Ex. E-11) <br><br> Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶45. | Disputed in that DSG was not an employer of Plaintiff. Further disputed in that Plaintiff was not terminated for <u>missing</u> work but for <u>refusing</u> to work. <br><br> Supporting Evidence: <br> Schaffler Depo 20:13-25, 21:1-17, 22:9-23, 36:14-25, 55:21-23, 57:13-25, 58:1-10, 66:5-25, 67:1-6, 11-25, 68:1-13 <br><br> Haun Depo: 26:8-18. 29:20-25, 30:1-1 |
| 97. | On January 18, 2016, Defendants delivered to Plaintiff a letter of termination of employment. <br><br> Morasch Decl. Ex. E, (Pursley Depo. Ex. E-11) | Disputed in that DSG was not an employer of Plaintiff. Undisputed as to VIA. |
| 98. | Prior to terminating Plaintiff's employment, John Haun, Chad Schaffler and Matthew Whitney knew Plaintiff was transgendered. <br><br> Morasch Decl. Ex. A, (Haun Depo. 72:2-7) <br><br> Morasch Decl. Ex. B, (Schaffler Depo. 44:16-18) <br><br> Morasch Decl. Ex. C, (Whitney Depo. 16:7-17:15) | Undisputed for the purpose of this motion, but irrelevant as Plaintiff's gender identity is not at issue in this motion. |
| 99. | In September 2015, John Haun asked Plaintiff if her sexual preference was still female. <br><br> Morasch Decl. Ex. A., (Haun Depo. 74:1-18) | Undisputed for the purpose of this motion, but irrelevant as Plaintiff's sexual preference is not at issue in this motion. |

Case No. 2:16-cv-03745 RGK(SKx)

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| 100. | In September 2015, Plaintiff informed John Haun that she still sexually preferred women.<br><br>Morasch Decl. Ex. A, (Haun Depo. 77:8-23) | Undisputed, for the purpose of this motion, but irrelevant as Plaintiff's gender identity is not at issue in this motion. |
| 101. | In September 2015, John Haun asked Plaintiff how she could reconcile her religious faith with her sexual preference for women.<br><br>Morasch Decl. Ex. A, (Haun Depo. 74:2-18) | Disputed.  The phrase cited by Plaintiff is ambiguous, in that it is unclear what "this decision" refers to in context.  It more likely refers to the decision to transition from male to female.  Also disputed as irrelevant since Plaintiff's sexual orientation is not at issue in this motion. |
| 102. | In September 2015, John Haun told Plaintiff that Haun believed scripture communicated the act of homosexuality was a sin.<br><br>Morasch Decl. Ex. A (Haun Depo. 76:11-15) | Undisputed for the purpose of this motion, but irrelevant as Plaintiff's sexual orientation is not at issue in this motion. |
| | **FAILURE TO PROVIDE EMPLOYMENT RECORDS EIGHTH AND NINTH CAUSES OF ACTION** | |
| 103. | On January 21, 2016, Plaintiff emailed John Haun a request for a copy of her personnel file and payroll records.<br><br>Morasch Decl. Ex. A, (Haun Depo. 150:21-24)<br><br>Pursley Decl. ¶8, Ex-P-25 (January 21, 2016 email to John Haun, DEF472)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶57, 108, 111.<br><br>Morasch Decl. Ex. J, Stipulation of counsel dated May 11, 2017, No. 7 | Undisputed |
| 104. | On January 21, 2016, John Haun forwarded Plaintiff's request for personnel file and payroll records to | Undisputed |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | DSG employee, Marva Steed.<br><br>Morasch Decl. Ex. A, (Haun Depo. 150:21-24)<br><br>Morasch Decl. Ex. J, Stipulation of counsel dated May 11, 2017, No. 8 | |
| 105. | Defendants did not provide Plaintiff's personnel file or payroll records to Plaintiff within 30 days of Plaintiff's request.<br><br>Pursley Decl. ¶8<br><br>Defendant's Supplemental Responses to Requests for Production of Documents, Set One-No. 2 (no documents produced).<br><br>Morasch Decl. ¶14, Ex. L, Nos. 1 and 2 (Ex. M, No responses to Requests for Admissions within 30 days deemed admitted under F.R.C.P. 36) | Disputed, in that there is nothing in the record indicating that Defendants failed to grant Plaintiff access to these materials.  Undisputed that Defendants did not mail these records to Plaintiff within 30 days of her request.  Further disputed in that Defendants returned the response to Request for Admissions within the extended deadline stipulated to by Plaintiff, and Plaintiff has not filed a motion to deem those RFA's as admitted.<br><br><u>Supporting Evidence:</u><br><br>Hoyt Decl. |
| | <u>**VIOLATION OF CAL. BUS. & PROF. CODE §17200**</u><br><u>**UNFAIR BUSINESS PRACTICES**</u><br><u>**TENTH CAUSE OF ACTION**</u> | |
| 106. | At no time during Plaintiff's employment in California, did Defendants pay Plaintiff's California employment taxes.<br><br>Morasch Decl. Ex. K, (Defendants'00399-406; 539-541; 1423-1426; 1627)<br><br>(May 2015 email from Lauren Hallum to John Haun concerning California taxes, DEF1627)<br><br>Morasch Decl. Ex. G (VIA Productions, LLC's Supplemental Response to Interrogatories, No. 24)<br><br>Pursley Decl. ¶9 (PURS551-558 payroll taxes and W2) | Undisputed for the purposes of this motion, except that the only reason there was an issue with the payment of California employment taxes is that Plaintiff specifically requested to remain on the books as a Tennessee employee in order to limit her tax burden.<br><br><u>Supporting Evidence:</u><br><br>Haun Depo 32:1:25 |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶56.<br><br>Morasch Decl. Ex. J, Stipulation of counsel dated May 11, 2017, No. 9 | |
| 107. | Dufresne Spencer Group knew from at least April 2015 that it was not paying Plaintiff's California employment taxes.<br><br>Morasch Decl. Ex. K, (Defendants' 00399-406; 539-541; 1423-1426; 1627) | Undisputed for the purposes of this motion, except that DSG was not Plaintiff's employer and the only reason there was an issue with the payment of California employment taxes is that Plaintiff specifically requested to remain on the books as a Tennessee employee in order to limit her tax burden.<br><br>Supporting Evidence:<br>Haun Depo 32:1:25<br>Haun Decl. ¶ 19 & 20 |
| 108. | Since at least May 22, 2015, VIA Productions, LLC knew that Defendants were not paying Plaintiff's California employment taxes since at least May 22, 2015.<br><br>Morasch Decl. Ex. A, (Haun Depo. 30:23-31:23)<br><br>Morasch Decl. Ex. K, (Defendants' 00399-406; 539-541; 1423-1426; 1627) | Undisputed for the purposes of this motion, , except that the only reason there was an issue with the payment of California employment taxes is that Plaintiff specifically requested to remain on the books as a Tennessee employee in order to limit her tax burden.<br><br>Supporting Evidence:<br>Haun Depo 32:1:25 |
| 109. | Defendants knew it was unlawful to fail to pay Plaintiff's California employment taxes.<br><br>Morasch Decl. Ex. A, (Haun Depo. 35:8-25)<br><br>(Defendants' 00399-406; 539-541; 1423-1426; 1627) | Disputed in that this mischaracterizes the testimony cited. |
| 110. | VIA Productions, LLC was not registered to do business in the State of California until approximately July 28, 2015. | Disputed in that Defendants returned the response to Request for Admissions within the extended deadline stipulated to by Plaintiff, |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Morasch Decl. ¶14, Ex. L, (Plaintiff's Requests for Admissions, No. 6)(Ex. M, No response within 30 days deems the Request Admitted, under F.R.C.P. 36)<br><br>Morasch Decl. ¶15, Ex. M, (VIA Production, LLC's late Responses to Requests for Admissions, No. 6.) | and Plaintiff has not filed a motion to deem those RFA's as admitted. Otherwise undisputed for the purposes of this motion.<br><br>Supporting Evidence:<br>Hoyt Decl. |
| 111. | Dufresne Spencer Group has never been registered to do business within the State of California.<br><br>Morasch Decl. F, (DSG's Responses to First Set of Form Interrogatories, No. 2 (form 3.3.)<br><br>Morasch Decl. Ex. K, (DEF0402, 404) | Undisputed for the purposes of this motion, but irrelevant as DSG has never done business in the State of California. |
| 112. | Plaintiff was ineligible to collect unemployment benefits as a result of Defendants' failure to pay California employment taxes.<br><br>Pursley Decl. ¶14 | Undisputed for the purposes of this motion. |
| 113. | From approximately mid-2015 until approximately December 2015, VIA Productions, LLC paid its other California employees through Kelly Services.<br><br>Morasch Decl. Ex. A, (Haun Depo. 34: 15-35:7)<br><br>Morasch Decl. Ex. B, (Schaffler Depo. 16:24-17:1)<br><br>Morasch Decl. Ex. C, (Whitney Depo. 36:7-10)<br><br>Morasch Decl. Ex. D, (Babian Depo. 110:21-111:13)<br><br>Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶14. | Undisputed for the purposes of this motion, but irrelevant as the only reason Plaintiff was not paid through Kelly Services is because Plaintiff preferred to remain classified as a Tennessee employee.<br><br>Supporting Evidence:<br>Haun Depo 32:1-25 |

30136828_1.docx

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | **FAILURE TO PAY OVERTIME** <br> **ELEVENTH CAUSE OF ACTION** | |
| 114. | After Plaintiff moved to California, Plaintiff worked over 8 hours in one work day on more than one occasion. <br><br> Pursley Decl. ¶11, ¶13, Ex. P-26 <br><br> As only a few examples: <br><br> Morasch Decl. Ex. N (timesheets) at: <br> 2836 (3/5/2014, 10.05 hours); <br> 2836 (3/12/2014, 8.97 hours); <br> 2836 (3/13/2014, 9.84 hours); <br> 2837 (3/25/2014, 11.17 hours); <br> 2853 (11/13/2014, 10.91 hours) <br> 2853 (11/18/2014, 10.56 hours) <br> 2859 (3/12/2015, 11.97 hours) <br> 2863 (5/14/2015, 11.07 hours) <br> 2868 (7/27/2015, 10.29 hours) <br> 2875 (11/5/2015, 10.40 hours) <br> 2877 (12/21/2015, 10.83 hours) <br> 2877-78 (12/22/2015, 10.16 hours) <br> 2878 (12/28/2015, 10.44 hours) | Undisputed for the purposes of this motion. |
| 115. | Defendants paid Plaintiff by the hour. <br><br> Pursley Decl. ¶10, Ex. P-26, <br><br> Morasch Decl. ¶14, Ex. L, Plaintiff's Requests for Admissions, No. 4 (Ex. M, No response within 30 days deems Request as Admitted under F.R.C.P. 36) <br><br> Morasch Decl. Ex. Q, Defendants'00527 <br><br> Request for Judicial Notice, No. 1, Defendants' Answer to Plaintiff's First Amended Complaint, ¶9. | Disputed in that DSG was not an employer of Plaintiff. Otherwise undisputed for the purposes of this motion. |
| 116. | On more than one occasion, after Plaintiff moved to California, Defendants did not pay time-and-a-half pay for all hours Plaintiff worked over 8 hours in one day. <br><br> ***Compare:*** <br> Morasch Decl. Ex. N (timesheets) at: | Disputed in that DSG was not an employer of Plaintiff.  Further disputed in that it is unclear whether Plaintiff actually ever worked more than 8 hours in one day. <br><br> Supporting Evidence: |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | 2836 (3/5/2014, 10.05 hours); 2836 (3/12/2014, 8.97 hours); 2836 (3/13/2014, 9.84 hours); 2837 (3/25/2014, 11.17 hours); 2853 (11/13/2014, 10.91 hours) 2853 (11/18/2014, 10.56 hours) 2859 (3/12/2015, 11.97 hours) 2863 (5/14/2015, 11.07 hours) 2875 (11/5/2015, 10.40 hours) 2877 (12/10/2015, 10.16 hours) 2877 (12/15/2015, 9.8 hours) 2877 (12/16/2015, 9.65 hours) 2877 (12/21/2015, 10.83 hours) 2877-78 (12/22/2015, 10.16 hours) 2878 (12/28/2015, 10.44 hours)<br><br>**To:**<br>Morasch Decl. Ex. O paystubs at: 2774 (No OT paid for pay period between 3/1/14-3/14/14) 2775 (No OT paid for pay period between 3/15/14-3/28/14) 2793 (No OT paid for pay period between 11/8/14-11/21/14) 2802 (No OT paid for pay period between 2/28/15-3/13/15) 2807 (NO OT paid for pay period between 5/9/15-5/22/15) 2819 (NO OT paid for pay period between 10/24/15-11/6/15) 2822 (NO OT paid for pay period between 12/5/15-12/18/15) 2823 (Only 4.43 OT hours paid for 7.43 hours of OT, for pay period between 12/19/15-1/1/16)<br><br>Morasch Decl. Ex. A, (Haun Depo. 153: 7-17) | Haun Decl. ¶ 19 & 20 |
| 117. | On more than one occasion, after Plaintiff moved to California, Plaintiff worked over 12 hours in one workday.<br><br>Pursley Decl. ¶10<br><br>Morasch Decl. ¶14, Ex. L, Plaintiff's Requests for Admission No. 3 (Ex. M, No response within 30 days deems Request as Admitted under F.R.C.P. 36) | Undisputed for the purposes of this motion. |

33

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Morasch Decl. Ex. N, timesheets at:<br>2845 (7/1/2014, 12.41 hours)<br>2853 (11/3/2014, 13.63 hours)<br>2854 (12/9/2014, 15.36 hours)<br>2858 (2/19/2015, 12.32 hours)<br>2863 (5/27/2015, 12.43 hours)<br>2865-66 (6/22/2015, 13.08 hours)<br>2867-68 (7/23/2015, 14.14 hours)<br>2874 (10/28/2015, 12.76 hours)<br>2875 (11/11/2015, 13.4 hours) | |
| 118. | After Plaintiff moved to California, Defendants never paid Plaintiff double-time to Plaintiff.<br><br>Request for Judicial Notice, No. 1, (Defendant's Answer to First Amended Complaint, ¶118)<br><br>Pursley Decl. ¶10<br><br>*Compare:*<br>Morasch Decl. Ex. J, Stipulation of counsel dated May 11, 2017, stipulating Defendants never paid double-time to Plaintiff<br><br>*To:*<br>Morasch Decl. Ex. N, timesheets at:<br>2845 (7/1/2014, 12.41 hours)<br>2853 (11/3/2014, 13.63 hours)<br>2854 (12/9/2014, 15.36 hours)<br>2858 (2/19/2015, 12.32 hours)<br>2863 (5/27/2015, 12.43 hours)<br>2865-66 (6/22/2015, 13.08 hours)<br>2867-68 (7/23/2015, 14.14 hours)<br>2874 (10/28/2015, 12.76 hours)<br>2875 (11/11/2015, 13.4 hours) | Undisputed for the purposes of this motion. |
| | **FAILURE TO PROVIDE ACCURATE WAGE STATEMENT**<br>**TWELFTH** | |
| 119. | On the paystubs which Defendants provided to Plaintiff, Defendants never itemized a rate of pay for double time.<br><br>Request for Judicial Notice, No. 1, (Defendant's Answer to First Amended Complaint, ¶118) | Disputed in that it is unclear if Plaintiff ever worked sufficient hours to require double time pay. Otherwise undisputed for the purposes of this motion.<br><br>Supporting Evidence: |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | Morasch Decl. Ex. J, Stipulation of counsel dated May 11, 2017<br><br>Pursley Decl. ¶10<br><br>Morasch Decl. Ex. N, timesheets at:<br>2845 (7/1/2014, 12.41 hours)<br>2853 (11/3/2014, 13.63 hours)<br>2854 (12/9/2014, 15.36 hours)<br>2858 (2/19/2015, 12.32 hours)<br>2863 (5/27/2015, 12.43 hours)<br>2865-66 (6/22/2015, 13.08 hours)<br>2867-68 (7/23/2015, 14.14 hours)<br>2874 (10/28/2015, 12.76 hours)<br>2875 (11/11/2015, 13.4 hours) | Haun Decl. |
| 120. | On the paystubs which Defendants provided to Plaintiff, Defendants never itemized the hours Plaintiff worked at double time.<br><br>Request for Judicial Notice, No. 1, (Defendant's Answer to First Amended Complaint, ¶118)<br><br>Morasch Decl. Ex. J, Stipulation of counsel dated May 11, 2017<br>Pursley Decl. ¶10<br><br>*Compare for example only:*<br>Morasch Decl. Ex. N, timesheets at:<br>2845 (7/1/2014, 12.41 hours)<br>2853 (11/3/2014, 13.63 hours)<br><br>*To:*<br>Morasch Decl. Ex. O, paystubs at:<br>2782 (7/1/2014, no double time listed)<br>2792 (11/3/2014, no double time listed) | Undisputed for the purposes of this motion. |
| 121. | On the paystubs which Defendant provided to Plaintiff, Defendants did not accurately list as overtime hours, all hours Plaintiff worked over 8 hours in one day.<br><br>*Compare:*<br>Morasch Decl. Ex. N timecards at:<br>2836 (3/5/2014, 10.05 hours);<br>2836 (3/12/2014, 8.97 hours);<br>2836 (3/13/2014, 9.84 hours); | Disputed in that it is unclear if Plaintiff ever worked sufficient hours to require overtime pay. Otherwise undisputed for the purposes of this motion.<br><br><u>Supporting Evidence:</u><br>Haun Decl. |

Case No. 2:16-cv-03745 RGK(SKx)

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | 2837 (3/25/2014, 11.17 hours)<br><br>*To:*<br>Morasch Decl. Ex. O paystubs at:<br>2774 (3/5/2014, no OT paid)<br>2774 (3/12/2014, no OT paid)<br>2774 (3/13/2014, no OT paid)<br>2775 (3/25/2014, no OT paid) | |
| 122. | On the paystubs which Defendant provided to Plaintiff, Defendants did not list the rate of pay for overtime.<br><br>*Compare:*<br>Morasch Decl. Ex. N (timesheets) at:<br>2836 (3/5/2014, 10.05 hours);<br>2836 (3/12/2014, 8.97 hours);<br>2836 (3/13/2014, 9.84 hours);<br>2837 (3/25/2014, 11.17 hours);<br>2853 (11/13/2014, 10.91 hours)<br>2853 (11/18/2014, 10.56 hours)<br>2859 (3/12/2015, 11.97 hours)<br>2863 (5/14/2015, 11.07 hours)<br>2875 (11/5/2015, 10.40 hours)<br>2877 (12/10/2015, 10.16 hours)<br>2877 (12/15/2015, 9.8 hours)<br>2877 (12/16/2015, 9.65 hours)<br>2877 (12/21/2015, 10.83 hours)<br>2877-78 (12/22/2015, 10.16 hours)<br>2878 (12/28/2015, 10.44 hours)<br><br>*To:*<br>Morasch Decl. Ex. O paystubs at:<br>2774 (No OT paid for pay period between 3/1/14-3/14/14)<br>2775 (No OT paid for pay period between 3/15/14-3/28/14)<br>2793 (No OT paid for pay period between 11/8/14-11/21/14)<br>2802 (No OT paid for pay period between 2/28/15-3/13/15)<br>2807 (NO OT paid for pay period between 5/9/15-5/22/15)<br>2819 (NO OT paid for pay period between 10/24/15-11/6/15)<br>2822 (NO OT paid for pay period between 12/5/15-12/18/15)<br>2823 (Only 4.43 OT hours paid for 7.43 hours of OT, for pay period between 12/19/15-1/1/16) | Disputed in that it is unclear if Plaintiff ever worked sufficient hours to require overtime pay. Otherwise undisputed for the purposes of this motion.<br><br>Supporting Evidence:<br>Haun Decl. |

Case No. 2:16-cv-03745 RGK(SKx)

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| 123. | During Plaintiff's employment, Plaintiff did not know she was entitled to time-and-a-half pay for all hours worked over 8 hours.<br><br>Pursley Decl. ¶11 | Undisputed for the purposes of this motion. |
| 124. | During Plaintiff's employment, Plaintiff did not know she was entitled to double-time pay for all hours worked over 12 hours.<br><br>Pursley Decl. ¶10 | Undisputed for the purposes of this motion. |
| 125. | During Plaintiff's employment, Plaintiff could not promptly and easily determine the amount of money she earned.<br><br>Pursley Decl. ¶12 | Undisputed for the purposes of this motion. |
| | **DEFENDANTS' AFFIRMATIVE DEFENSES** | |
| 126. | Defendants have produced no evidence supporting its Affirmative Defense No. 34-Plaintiff Not Disabled<br><br>Morasch Decl. ¶14, Ex. L, (Plaintiff's Requests for Admissions, No. 5)(Ex. M, No Response within 30 Days deems Request Admitted)<br><br>Lebe Decl. ¶4-6 | Disputed. There is testimony in the record indicating that Plaintiff was able to work in an office without accommodation both before and after her time working from home for VIA, that Plaintiff never told VIA that she suffered from panic attacks or other symptoms preventing her from working in an office even when she was already discussing her desire to continue working from home, that Plaintiff offered to work out of VIA's offices if they doubled her salary, that Plaintiff never sought documentation from Dr. Lebe to support a work-from-home accommodation while working for Plaintiff despite being engaged in discussions for accommodations and desiring to work from home, and that Plaintiff never asked for an accommodation to work from home from her post-VIA employers until <u>after</u> filing this lawsuit. There is also testimony from Dr. Lebe that her declaration regarding Plaintiff's symptoms and the need for an accommodation relate solely to |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

| No. | Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | | Plaintiff's condition in 2017 and not the timeframe of the events in this lawsuit.  Further disputed in that Defendants returned the response to Request for Admissions within the extended deadline stipulated to by Plaintiff, and Plaintiff has not filed a motion to deem those RFA's as admitted. Otherwise undisputed for the purposes of this motion. <br><br> Supporting Evidence: <br><br> Haun Decl., ¶ 7, 8, 9, 10, 11, 12, 13, 25 & 27 <br><br> Pursley Depo 225:4-11, 226:2229:23, 231:1-232:23, 234:1-25 <br><br> Schaffler Depo, 34:6-25; 46:7-18; 51_15-22 <br><br> Babian Depo 24:13-25, 25:7-13, 32:1-22., 34:9-25, 35:1-7,  42:19-25, <br><br> 43:1-18, 49:5-13, 69:2-19, 78:16-22, 79:9-21 <br><br> Whitney Depo 15:13-23, 20:18-21, 21:7-9 <br><br> Haun Depo 39:1-25, 62:20-24, 64:17-25, 65:1, 104:16-22. <br><br> Lebe Depo 67:6-25, 68:1-25, 69:1, 110:2-22. <br><br> Hoyt Decl. |

## ADDITIONAL MATERIAL FACTS

| No. | Defendants' Uncontroverted Facts | Supporting Evidence |
|---|---|---|
| 1. | VIA Productions is a video production company based in Memphis, Tennessee. | Haun Decl. ¶ 3 |
| 2. | DSG is a client of VIA. | Schaffler Depo, 39:18-23 |

38

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

| No. | Defendants' Uncontroverted Facts | Supporting Evidence |
|---|---|---|
| 3. | DSG did not exercise control over Plaintiff's (or any other VIA Productions employee's) wages, hours, or working conditions such as discipline, discharge, or the day to day aspects of the workplace. | Haun Decl. ¶ 19 |
| 4. | DSG did not suffer or permit Plaintiff or any other VIA Productions employee to work on its behalf. | Haun Decl. ¶ 20 |
| 5. | DSG solely provided human resources services such as payroll and benefits administration to VIA Productions. | Haun Decl. ¶ 18 |
| 6. | VIA hired Plaintiff as a graphic designer and video editor in February 2013. | Haun Decl. ¶ 4 |
| 7. | VIA hired Plaintiff on a part-time, non-exempt basis with an initial guarantee of 24 hours per week at a rate of $30 per hour. (Haun Decl. ¶ XX) | Haun Decl. ¶ 5 |
| 8. | VIA is a small, close-knit company. VIA employees, including Plaintiff, often have close personal relationships with each other. Haun considered (and still considers) Plaintiff to be a close personal friend. | Haun Decl. ¶ 6; Haun Depo. 60:3-8. |
| 9. | Plaintiff voluntarily went on multiple social outings with other VIA employees during the course of her employment. | Pursley Depo 48:17-25, 49:1-14. |
| 10. | Plaintiff worked out of VIA's Memphis office when she was first hired. | Haun Decl. ¶ 7; Dk. No. Pursley Depo 40:6-23 |
| 11. | Plaintiff worked well in this office setting and never complained about any issues with working in this environment. | Haun Decl. ¶ 8, Pursley Depo 40:6-23 |
| 12. | Plaintiff relocated to Los Angeles in March 2014, in part to pursue a career as an actor and comic. | Pursley Depo 42:9-20 |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Defendants' Uncontroverted Facts | Supporting Evidence |
|---|---|---|
| 13. | VIA valued Plaintiff as an employee and supported her move, allowing her to continue working for them remotely after she moved to L.A. | Haun Decl. ¶ 14 |
| 14. | Prior to moving, in the summer of 2013, Plaintiff asked John Haun if she could begin working remotely while in Memphis in order to get used to working from home prior to her move to California, and Haun agreed to this. | Haun Decl. |
| 15. | Plaintiff began experiencing symptoms of gender dysphoria in after moving to Los Angeles and began seeking treatment from a psychologist for these issues in November 2014. | Pursley depo 51:7-25, 52:13-22 |
| 16. | Plaintiff began seeing a second mental health professional for these issues in March 2015. | Pursley depo 54:1-13, 61:20-25, 62:1-11. |
| 17. | Plaintiff never asked for a note from her mental health practitioners that would verify that her mental health problems limited her ability to work in an office while she worked for VIA. | Lebe Depo 67:6-25, 68:1-25, 69:1. |
| 18. | Two of VIA's largest clients are regional licensees of Ashley Home Store locations, Hill Country Holdings and Dufresne Spencer Group.   Plaintiff regularly worked for these clients while at VIA. | Haun Decl., Babian depo 70:13-15. |
| 19. | VIA took on the national Ashley Home Store account in the summer of 2015, a significant increase in business. | Babian depo 70:9-12 |
| 20. | To accommodate this increase in business, VIA opened an office in Los Angeles in August 2015 dedicated solely to the production of work for retail furniture stores such as Ashley. | Babian depo 70:9-12 Haun Decl. ¶ 21. |

Case No. 2:16-cv-03745 RGK(SKx)

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Defendants' Uncontroverted Facts | Supporting Evidence |
|---|---|---|
| 21. | VIA had previously assigned individual clients to individual designers in a siloed fashion prior to taking on the national Ashley Furniture account. | Haun Decl. ¶ 22 |
| 22. | VIA opened the L.A. office in order to create a new, more efficient, team-based workflow on their Ashley Furniture and related work. | Haun Decl.<br>Babian Depo 40:8-20 |
| 23. | Working in a team oriented office environment allows for more efficient work flow and for co-workers to cover for each other in the event some is unable to work on a project when work needed to be done to meet a deadline. | Haun Decl. |
| 24. | VIA decided to bring the commercial work for the regional Ashley Furniture licensees (DSG and Hill Country Holdings) into the same team-based work flow in the L.A. office in order to benefit from the same efficiencies. This move required Plaintiff and another designer, Tom Strodtbeck, to work out of the Los Angeles office under the direction of Nathan Babian. | Babian Depo 40:8-20<br>Haun Decl. |
| 25. | When John Haun informed Plaintiff of the plan to move Hill Country Holdings and DSG commercial work into the L.A. office, she indicated that she would prefer working from home. | Haun Depo  37:16-19 |
| 26. | Haun asked Plaintiff to at least consider working in the L.A. office and have a discussion about the topic with Nathan Babian, the producer in charge of that office. | Haun Depo 37:20-25, 38:1-19-25 |
| 27. | Babian and Plaintiff met had a conversation in the summer of 2015 about Plaintiff working out of the office. | Haun Depo 38:1-19 |
| 28. | Plaintiff indicated she was anxious about working around other people in | Babian Depo. 24:13-25, 25:7-13, 32:1-22., 34:9-25, 35:1-7,  42:19-25, |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Defendants' Uncontroverted Facts | Supporting Evidence |
|---|---|---|
|  | an office, but never indicated her ability to work in an office was limited by a mental or physical condition or that she had panic attacks when working in an office. | 43:1-10,  49:5-13, 69:2-19, 78:16-22, 79:9-21 |
| 29. | Babian offered multiple accommodations to help ease Plaintiff's anxiousness, including a private office, a private space to retreat to, and a flexible work schedule that would minimize her interactions with other co-workers, but Plaintiff indicated she would only come work in the office if VIA doubled her salary. | Babian 42:19-25, 43:1-18 |
| 30. | John Haun allowed Plaintiff to continue working from home while VIA's L.A. office opened and began experimenting with its new work-flow for the new national client because he wanted to avoid disrupting service to VIA's clients while the new office model was being developed and implemented. | Haun Decl. Babian Depo 39:21-25, 40:1-7 |
| 31. | In September 2015, Haun met with Plaintiff over dinner in Los Angeles, in part, to revisit the possibility of Plaintiff beginning to work out of the L.A. office. | Haun Decl. |
| 32. | Plaintiff confided to Haun over dinner that she was struggling with her gender-identity and that she was anxious about coming into work in the L.A. office because she wasn't comfortable coming into an office after transitioning to life as a woman with people who knew her pre-transition. | Haun Depo 69:19-25, 70:1-22 |
| 33. | Haun did not reveal Plaintiff's gender identity issues to anyone at VIA during Plaintiff's employment. | Haun Decl. |
| 34. | By December 2015, the new work-flow in the L.A. office was proving to be successful and VIA decided to fully integrate all of the Ashley | Babian Depo 40:8-25 |

42

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

| No. | Defendants' Uncontroverted Facts | Supporting Evidence |
|---|---|---|
| | Furniture work into this in-office process.  . | |
| 35. | This transition required Plaintiff to beginning working out of the L.A. office, because in order for the process to work, everyone had to be in the same place, working from the same assets.  Having a member of the team working offsite would require constant upload and download of large shared files and prohibit frequent back and forth changes between team members. | Babian Depo 40:20-25, 41:1-6 |
| 36. | Once VIA decided that the work for DSG and Hill Country Holdings had to be done in the L.A. office in conjunction with the national Ashley Furniture work, Babian sent an e-mail offering Plaintiff a restructured position that would require her to work out of the office in L.A. | Babian Depo 12:10-15  Copy of e-mail – Dkt. No. 41-11 at 67 |
| 37. | Babian then had a follow up conversation with Plaintiff about the newly restructured position.  Plaintiff refused to agree to come into the office during this conversation. Plaintiff told Babian that she was anxious about working in an office and was not "the same person in the office versus at home" but did not indicate that there was any mental or physical condition that was limiting her ability to work in an office. | Babian Depo 78:2-25, 79:1-21 |
| 38. | Haun called Plaintiff after learning that she rejected the offer of the restructured job. | Haun Decl. |
| 39. | Plaintiff asked to keep her job as is, but Haun indicated that all Ashley Furniture work had to be done out of the L.A. office starting in January. | Haun Decl. |
| 40. | Plaintiff did not tell Haun that she could not work in the office because of a mental or physical condition, or that she would suffer from panic attacks if she worked out of the L.A. | Haun Depo 62:20-24 |

43

Case No. 2:16-cv-03745 RGK(SKx)

30136828_1.docx

| No. | Defendants' Uncontroverted Facts | Supporting Evidence |
|---|---|---|
| | office. | |
| 41. | Haun offered to create a new position for Plaintiff that would allow her to continue to work from home, but would not let her work on the typical Ashley Furniture related projects she formerly worked on. | Haun Decl. |
| 42. | Because VIA created the position specifically out of this conversation, the details of exactly what work Plaintiff would perform and how many hours VIA could guarantee Plaintiff were still undecided. | Haun Decl. |
| 43. | VIA and Plaintiff agreed that Plaintiff would continue to work on her typical projects on a transitional basis until her new position could be created and a replacement could be hired to take over her former workload in the L.A. office. | Haun Decl. |
| 44. | Not long after agreeing to this transitional role, during either the week before New Year's 2016 or the weekend of January 3, Plaintiff refused to work on a project that VIA assigned to her because she wanted to have the details of her new remote position clarified. | Schaffler Depo 20:2-25, 21:1-17, 22:9-21 |
| 45. | As a result of this refusal, Babian had to work overtime on New Year's weekend. | Babian Depo 90:18-25, 91:12 |
| 46. | VIA did not assign work to Plaintiff the following week because she reported that she was reportedly ill and could not work. | Pursley Depo 184:13-19; 190:1-6 |
| 47. | On January 12, project coordinator Lauren Hallum reached out to Plaintiff to see if she would take on a new project. Two days later, Plaintiff responded that she would not work on any new projects until VIA "finalized" her new role. | Pursley Depo 199:5-25, 201:19-23 |
| 48. | Chad Schaffler, an Executive | Schaffler Depo 67:11:22 |

44

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Defendants' Uncontroverted Facts | Supporting Evidence |
|---|---|---|
| | Producer with VIA who was overseeing this work, called Plaintiff to discuss the refusal to work with Plaintiff. Plaintiff "hemmed and hawed" but would not commit to doing this work during this call. | |
| 49. | After Plaintiff's second refusal to do work in a two week span, Schaffler called John Haun and recommended terminating Plaintiff immediately. | Schaffler Depo 67:23-25, 68:1-5 |
| 50. | John Haun accepted Schaffler's recommendation and VIA terminated Plaintiff shortly thereafter. | Haun Depo 139:12-15 |
| 51. | Approximately 6 weeks later, Plaintiff accepted another position that required her to work in an office, and she later left that employer for another position where she worked in an office.   Plaintiff was able to perform her job satisfactorily at those positions even though she had to work in an office. | Pursley Depo 226:2-229:23, 231:1-232:23, 234:2-25 |
| 52. | Plaintiff never told her post-VIA employers that she could not work in an office until after this litigation began. | Pursley Depo 225 4:-11 |
| 53. | Plaintiff's therapist, Dr. Doryann Lebe, testified that Plaintiff did not begin having symptoms of panic attacks related to working in an office and the related physical signs of these attacks until 2017. | Lebe Depo 110:2-9 |
| 54. | Dr. Doryann Lebe's recommendation that Plaintff should be accommodated to work from home is based on 2017 and not the applicable timeframe of this lawsuit. | Lebe Depo 110:10-22 |
| 55. | None of the people who contributed to the decision to allow Plaintiff to work from home or to terminate Plaintiff were aware that Plaintiff had a disability that limited her ability to work in the office or any other major life activity. | Schaffler Depo, 34:6-25; 46:7-18; 51:15-22<br>Babian Depo 24:13-25, 25:7-13, 32:1-22., 34:9-25, 35:1-7, 42:19-25, 43:1-10, 49:5-13, 69:2-19, 78:16-22, 79:9-21 |

| No. | Defendants' Uncontroverted Facts | Supporting Evidence |
|---|---|---|
| | | Whitney Depo 15:13-23, 20:18-21, 21:7-9 |
| | | Haun Depo 39:1-25, 62:20-24, 64:17-25, 65:1, 104:16-22. |
| 56. | Working in the office was an essential job duty for Plaintiff's position | Babian Depo 25:25, 26:1-7, 26:11-18, 39:3-25, 40:1-25, 41:1-16 |
| | | Whitney Depo: 13:2-4 |
| | | Haun Depo: 55:10-21, 67:24-25, 68:1-13, 107:8-14 |
| 57. | VIA offered Plaintiff multiple potential accommodations to alleviate her concerns regarding working in an office, including a private office, flexible hours, and creating a new position that she could work remotely. | Babian Depo 25:14-24, 42:19-25, 43:1-18, 76:1-22 |
| | | Whitney Depo 19:13-25 |
| | | Haun Depo 91:6-24, 106:19-25, 107:1-7, 110:2-10, 115:17-25, 116:1-2, 119:10-25, 127:4-21 |
| 58. | Plaintiff refused to complete projects on multiple occasions between late December 2015 and January 2016 and terminated her for this reason. | Schaffler Depo 20:13-25, 21:1-17, 22:9-23, 36:14-25, 55:21-23, 57:13-25, 58:1-10, 66:5-25, 67:1-6, 67:11-25, 68:1-13 |
| | | Whitney Depo 19:3-25, 33:21-23 |
| | | Haun Depo 26:8-25, 27:1-10, 29:20-25, 30:1-13, 41:21-25, 42:1-14, 121:12-25, 122:1-13, 142:2-7 |
| | | Babian Depo 13:6-22, 15:10-15, 90:18-25, 91:1-12, 95:17-25, 96:1-12 |
| | | Pursley Depo: 199:5-25, 201:19-23. |
| 59. | Chad Schaffler, who made the final recommendation to terminate Plaintiff, was unaware that Plaintiff had been sick or taken sick leave in January 2016 when he recommended terminating Plaintiff.  Schaffler Depo 19:15-25, 20:1-5, 67:11-25, 68:1-13. | Schaffler Depo 19:15-25, 20:1-5, 67:11-25, 68:1-13. |
| 60. | John Haun, who made the ultimate decision to terminate Plaintiff, was unaware that Plaintiff had been sick or taken sick leave in January 2016 when he made the decision to terminate Plaintiff. | Haun Depo 22:12-23. |
| 61. | Plaintiff's counsel granted Defendants an extension to file a | Hoyt Decl. |

Case No. 2:16-cv-03745 RGK(SKx)

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW ISO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

30136828_1.docx

| No. | Defendants' Uncontroverted Facts | Supporting Evidence |
|---|---|---|
| | response to her Request for Admission until May 9.  The response to her Request for Admission were filed on that day. | |
| 62. | Plaintiff has not produced admissible evidence in support of her Motion (or in this litigation) to establish that she filed an administrative complaint no later than January 18, 2017 (one year after her termination) with the DFEH alleging any type of discrimination or retaliation stemming from her employment with VIA. | Heckathorn Decl. 9; Exhs. G, H. |

## CONCLUSIONS OF LAW

Defendants have raised material disputes of fact in relation to each of Plaintiff's claims.  The veracity of those facts should be tested in court, and not on the pleadings. Therefore Plaintiff's Motion for Partial Summary Judgment must be denied in its entirety.

DATED:  June 12, 2017

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Laura D. Heckathorn
W. Chris Harrison (*pro hac vice*)
Laura D. Heckathorn
Zachary W. Hoyt (*pro hac vice*)

Attorneys for Defendants
VIA Productions, LLC and Dufresne Spencer Group, LLC

47

30136828_1.docx